**Nancy Jewell CROSS, Plaintiff-Appellant,**

v.

**John A. BRUNING, County Clerk of San Mateo County, California, et al., Defendants-Appellees.**

**Nos. 22331, 22331A.**

United States Court of Appeals
Ninth Circuit.

June 26, 1969.

Rehearing Denied July 15, 1969.

Rehearing En Banc Denied
July 15, 1969.

Nancy Jewell Cross, in pro. per.

Burton Stanley, (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Sacramento, Cal., Keith C. Sorenson, Dist. Atty., Redwood City, Cal., for appellees.

Before MADDEN,* Judge of the United States Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

MADDEN, Judge:

The plaintiff on October 4, 1967, brought this suit in the United States District Court requesting that Court to issue a decree enjoining the defendants from enforcing nineteen sections of the California Elections Code. She asserted in her complaint that those provisions of the California statutes were in conflict with certain provision of the Constitution of the United States and of Amendments to the Constitution.

The United States District Court on November 24, 1967, pursuant to a motion of the defendants that the complaint be dismissed "for Lack of Jurisdiction over Subject Matter and for Failure to State Claim upon which Relief Can Be Granted", upon which motion a hearing was held, granted the defendants' motion and dismissed the plaintiffs' action. The instant appeal is from that action of the United States District Court.

There has been prior litigation between the same parties involving the same legal problems involved in this appeal. On March 18, 1964, the plaintiff Cross, and another person whose presence and participation in the earlier litigation hereinafter discussed will be disregarded, filed a petition in the Supreme Court of California, pursuant to California Elections Code § 6403. In that petition Cross asserted that numerous sections of the California statutes governing elections were unconstitutional and prayed that the Supreme Court of California declare them unconstitutional, as in violation of the Constitution of the United States. The Supreme Court of California, after a hearing, but without opinion, denied Cross's petition on March 25, 1964, and denied a rehearing on April 25, 1964. Cross, on July 27, 1964, filed in the Supreme Court of California her notice of appeal to the Supreme Court of the United States, pursuant to Section 1257(2) of Title 28 U.S. Code. In her "Statement as to Jurisdiction" in her appeal to the Supreme Court, Cross cited seventeen sections of the California Elections Code as being the most significant of the statutes, the constitutionality of which she attacks. She then cited six additional sections of California statutes, as being relevant, as well as thirteen sections of the Constitution of California. The Supreme Court of the United States, in Cross v. Bruning, 379 U.S. 202, 85 S.Ct. 340, 13 L.Ed. 2d 339, on December 7, 1964, dismissed her appeal for want of jurisdiction.

■ In view of the plethora of California statutes cited by Cross in her 1964 petition to the Supreme Court of California, and in her "Statement as to Jurisdiction" in her appeal to the Supreme Court of the United States in that case, it would be necessary to tabulate, in parallel columns the numbers in those two documents, and check the numbers in each column against those in the other column to determine exactly the extent to which they coincided. From the language of the two documents, however, it is apparent that the complaints of unconstitutionality in the two documents relate to the same statutes. Since the Supreme Court of California dismissed the plaintiff's petition, thereby deciding in favor of the validity of the California statutes which were attacked in the plaintiff's petition, she was entitled, under Title 28 of the United States Code, Section 1257(2), to get to the Supreme Court of the United States by appeal, if her appeal presented a substantial federal question. See Wiener, "The Supreme Court's New Rules," 68 Harv.L.Rev. 20 (1954); Stern and Grossman, Supreme Court Practice, (3d ed. 1962). Since the Supreme Court had the case under its obligatory jurisdiction, i. e., by appeal, its dismissal of the case for want of jurisdiction was a dismissal on the merits, for failure to present, in the jurisdictional statement, a substantial federal question.

---

* Senior Judge, The United States Court of Claims, sitting by designation.

■ If the issue in our instant case is identical with the issue dealt with by the Supreme Court of the United States in the plaintiff's 1964 case, and the instant case should reach the Supreme Court, that court, in order to find a substantial federal question in the case would be obliged to overrule, expressly or *sub silentio*, its 1964 decision. Counsel for the defendant Bruning, in his brief, says that the issue as to the constitutionality of the California statutes have been presented to the Supreme Court in two prior cases, one being the 1964 case reported in 379 U.S. 202, 85 S.Ct. 340, 13 L.Ed.2d 339, discussed hereinabove, and the other being a 1966 case, Cross v. Bruning, 385 U.S. 14, 87 S.Ct. 116, 17 L.Ed.2d 13. But counsel does not recognize that the 1966 case was not, like the 1964 case, a decision by the Supreme Court on the merits, but only a denial of a writ of certiorari in a case not within the obligatory jurisdiction of the Supreme Court. However, Cross in her Reply Brief in our instant case recognizes that the issue in the 1964 case in the Supreme Court of the United States was the same as the issue in our instant case. She poses the following question:

Does United States Supreme Court dismissal of appeal(s) for want of jurisdiction * * * on refusal of a state supreme court * * * to acknowledge jurisdiction of a controversy in 1964 * * * (Cross v. Bruning (December 7, 1964) 379 U.S. 202 [85 S.Ct. 340, 13 L.Ed.2d 339] * * * prevent U. S. District Court jurisdiction of a controversy in 1967 because state laws involved in the controversy arising in 1967 were among those involved in the earlier case(s)?

The plaintiff's answer to her own question is "no". We think the correct answer is "yes", unless the law has been changed in the interval between the two cases.

There is no suggestion in this case that the facts have changed or that the statutes have been changed, in the interim. If, then, any federal court other than the Supreme Court of the United States were to take jurisdiction of a case which is identical in its facts with an earlier case which the Supreme Court held to be outside federal jurisdiction, that lower court would be essaying to overrule the Supreme Court's decision, not only of the same question but of the same question when it was litigated between the same parties.

■■ What Cross seems to have in mind is that there are recent Supreme Court cases indicating that the Supreme Court is more inclined than it was a few years ago to find infringement of federal rights such as the right that no State shall deny equal protection of the laws, in some election laws of some states. Williams v. Rhodes, Governor of Ohio, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (October 15, 1968) is perhaps a notable example of such a tendency. To whatever extent there is such an inclination on the part of the Supreme Court, Cross might hope that the Supreme Court would now find in the California election statutes infringements of constitutional rights. If it did so it would be overruling its previous decision in her previous case. That would be well within the Supreme Court's power. But that is not within this Court's power and such an attempt on the part of this Court would almost always be an impertinent and futile adventure. Cross will, of course, have in this case the opportunity which every litigant has of trying to persuade the Supreme Court to depart from its previous decision.

On September 14, 1965, less than a year after the Supreme Court's action in the case reported in 379 U.S. 202, 85 S. Ct. 340, 13 L.Ed.2d 339, Cross filed in the United States District Court another suit making the same contentions and requesting the same relief as she had sought in the earlier case in the Supreme Court of California. The District Court dismissed that suit "for lack of subject matter jurisdiction". Cross appealed to this court. On February 14, 1966, this court, in case No. 20,579, en-

tered an "Order Affirming Judgment", the text of which was as follows:

Before: KOELSCH, BROWNING and DUNIWAY, Circuit Judges

The appellee, Frank M. Jordan, individually and as Secretary of State of the State of California filed a motion to dismiss the appeal; the remaining appellees, John A. Bruning, Board of Supervisors of San Mateo County, and William M. Werder, filed a similar motion and a further motion to affirm the judgment. The common ground of all motions was lack of federal jurisdiction over the subject matter of said purported actions.

A hearing was duly held; all parties appeared in person or by counsel; arguments were presented both in support of and in opposition to said motion and the matter was then submitted to the court for decision.

The court, having considered the argument and having studied the entire record, including plaintiff's complaint and additionally her brief on appeal, concludes that the motions are well taken, that they should be granted on the ground urged, that the motion of appellee Jordan should be treated as one to affirm, and that the judgment of the court below be thereupon affirmed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that said judgment is affirmed. No costs are allowed.

/s/ M. Oliver Koelsch
/s/ James R. Browning
/s/ Ben C. Duniway
Circuit Judges

Cross "appealed" this court's decision to the Supreme Court of the United States. That Court on October 10, 1966, in Cross v. Bruning, etc., et al., 385 U.S. 14, 87 S.Ct. 116, 17 L.Ed.2d 13, rehearing denied, November 21, 1966, 385 U.S. 964, 87 S.Ct. 399, 17 L.Ed.2d 310, said:

THIS CAUSE having been submitted on the statement of jurisdiction and transcript of record,

ON CONSIDERATION WHEREOF, it is ordered by this court that the appeal herein be, and the same is hereby, dismissed for want of jurisdiction.

Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari is denied.

(October 10, 1966)

In the plaintiff's second case, discussed immediately above, she, as we have seen, filed her suit in the United States District Court; that Court dismissed her suit "for lack of subject matter jurisdiction"; she appealed to this court which, on February 14, 1966, entered the order, quoted above, affirming the District Court's judgment dismissing the plaintiff's suit and stating in its order that it affirmed the District Court's dismissal on the ground of "lack of federal jurisdiction over the subject matter of said purported actions." We have narrated above the plaintiff's attempt to appeal, from this court's affirmance, to the Supreme Court of the United States, the Supreme Court's dismissal of the appeal "for want of jurisdiction" and its denial of a writ of certiorari. The proceedings in the Supreme Court are irrelevant to the point now under discussion. There was no basis for an appeal from this court to the Supreme Court; See 28 U.S. Code, Section 1254(2). The Supreme Court's treatment of the papers on which the appeal was taken as a petition for writ of certiorari and its denial of the writ, decided nothing as to the merits of the issues which the plaintiff sought to raise in the Supreme Court. The Supreme Court's action thus left undisturbed the judgment of the District Court, affirmed by this Court on February 14, 1966, dismissing her suit "for lack of federal jurisdiction" over the subject matter of said purported action.

On October 4, 1967, Cross filed, in the United States District Court, the case which is now before us on her appeal from the District Court's dismissal. If this case is "on all fours" with the case in which this Court on February 14, 1966, in our case No. 20,579, affirmed

the District Court's judgment of dismissal, Cross is requesting this court to overrule its 1966 decision.

■ We advert again to the question posed by Cross in her reply brief. We delete from her question the references to the Supreme Court's 1964 decision reported in 379 U.S. 202, 85 S.Ct. 340, 13 L.Ed.2d 339, because it has, in this connection, been discussed above in this opinion, and also her reference to the Supreme Court actions of October 10 and November 21, 1966, 385 U.S. 14 and 964, 87 S.Ct. 116 and 399, 17 L.Ed.2d 13 and 310, because, as we have explained above, the Supreme Court actions were denials of certiorari, and did not bear on the merits. As so modified Cross's question is, in substance, whether the dismissal, in 1965, by the United States District Court, of her suit on the ground of lack of federal jurisdiction over the subject matter, which dismissal was affirmed by this Court on February 14, 1966, "* * * prevent District Court jurisdiction of a controversy in 1967 because state laws involved in the controversy arising in 1967 were among those involved in the earlier cases?" It is plain from this statement, and the rest of her papers in the case, that Cross does not claim that there is any significant difference between the facts involved in the earlier case and those in the present case. She urges that case law in the Supreme Court of the United States, and in other courts give some promise of a more favorable reception to constitutional contentions such as hers. Even if this were assumed to be probable, it would still leave Cross in the position of requesting this Court to overrule its 1966 decision, and, by doing so, to make a decision contrary to the 1964 decision of the Supreme Court. That, as we have said, would be a futile exercise and we decline to engage in it.

The judgment of the United States District Court is affirmed.

■ In the plaintiff's complaint in the United States District Court, she requested that a three-judge District Court be convened for her case, pursuant to 28 U.S. Code, Section 2281. The District Court, by order, denied her request "for want of a substantial federal question. Ex parte Poresky, 290 U.S. 20 [30, 54 S.Ct. 3, 78 L.Ed. 152] (1933)." The plaintiff designates this denial as one of the specified errors on which her appeal is based. We think the District Court's denial of the request for a three-judge court was right. Bailey v. Patterson, 369 U.S. 31, 33, 82 S. Ct. 549, 7 L.Ed2d 512 (1962).

Affirmed.

## ORDER

The panel as constituted in the above case has voted to deny the petition for rehearing and to reject the suggestion for a rehearing in banc.

The full court has been advised of the suggestion for an in banc hearing, and no judge of the court has requested a vote on the suggestion for rehearing in banc. Fed.R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing in banc is rejected.

It is ordered that the issuance, under Rule 41(a), of the certified copy of the judgment of this court in the above cause be, and hereby is, stayed pending the filing, consideration and disposition by the Supreme Court of the United States of a petition for writ of certiorari to be made by plaintiff-appellant herein, providing such petition is filed in the clerk's office of the Supreme Court of the United States on or before August 15, 1969. In the event the petition for writ of certiorari is granted, then this stay is to continue pending the final disposition of the case by the Supreme Court of the United States.