992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen R. TURK, Plaintiff-Appellant,
v.
ALAMEDA COUNTY; Robert G. Borg, Warden, California, Folsom
State Prison, Defendants-Appellees.
 No. 92-15535.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1992.*
Decided May 5, 1993.
 
 Before NORRIS, BEEZER, and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Allen Turk appeals pro se from the district court's denial of his habeas petition. In 1981, Turk was convicted of second degree murder, use of a deadly weapon, and violation of parole. In his habeas petition, Turk argues that (1) the trial court denied him due process by failing to hold a hearing to determine whether he was competent to stand trial; and (2) his counsel rendered ineffective assistance by failing to raise the competency issue on appeal. We reverse and remand.
 We review a trial court's denial of a competency hearing to see whether the evidence raised a bona fide doubt as to the defendant's competency to stand trial. "On appeal, we inquire 'whether a reasonable judge ... should have experienced doubt with respect to competency to stand trial.' " Hernandez v. Ylst, 930 F.2d 714, 716 (9th Cir.1991) (quoting de Kaplany v. Enomoto, 540 F.2d 975, 983 (9th Cir.1976) (en banc), cert. denied, 429 U.S. 1075 (1977)).[1] The test is not whether the trial judge did in fact experience doubt, but whether he or she should have experienced doubt. See Hernandez, 930 F.2d at 716 (" 'The test is an objective one.' " (quoting Pedrero v. Wainwright, 590 F.2d 1383, 1388 (5th Cir.) (Wisdom, J.), cert. denied, 444 U.S. 943 (1979)).
 
 
 1
 Here, there was sufficient evidence to create a bona fide doubt as to the defendant's competence to stand trial.
 
 
 2
 First, Turk's counsel believed that Turk was incompetent to stand trial. Defense attorney Comiskey moved to have a competency hearing under California Penal Code § 1368 on August 25, 1981. Defense attorney Murray made a second § 1368 motion the following day. A defense attorney's opinion about his or her client's competence to stand trial carries weight. Hernandez, 930 F.2d at 718 ("While the opinion of [defendant's] counsel certainly is not determinative, a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings."). Defense attorney Comiskey explained that his client had delusions of a "religious nature." Red at 6.
 
 
 3
 Second, Turk was prone to "psychotic episodes." As the trial judge said:
 
 
 4
 [A]s I listen to him, I honestly feel that he is competent to proceed with this trial. I have no doubt about it. I mean, he may have, for example, what you call a psychotic episode, may fade in and ... out.
 
 
 5
 2 RT 271.
 
 
 6
 Third, petitioner's counsel reported to the court on August 26, 1981, that Dr. Sheila Bastian, a psychologist, had interviewed the petitioner and found him "psychotic at the time she was interviewing him." Red at 7; 2 RT 278. Dr. Bastian had examined the petitioner that morning. Dr. Bastian later appeared before the court and testified that she suspected that petitioner had "organic brain syndrome," possibly associated with "at least five head injuries." Red at 9; 2 RT 494.
 
 
 7
 Fourth, petitioner had a long history of psychological problems for which he had been committed to mental hospitals on approximately 10 occasions. The last hospitalization appears to have taken place in 1974, about seven years before the trial. Dr. Bastian testified that she had a medical history file with "almost forty doctors' reports in it," with "ninety-eight percent" of the reports concluding that petitioner was a paranoid schizophrenic. Red at 9; 2 RT 484. These reports were apparently made during the time petitioner was hospitalized.
 
 
 8
 Finally, petitioner suffered a head injury just a few days before the start of the trial.
 
 
 9
 All these facts taken together established a bona fide doubt as to the defendant's competency to stand trial.
 
 
 10
 To support its argument that no hearing was necessary, the government relies on the testimony of Drs. Burstein and Gudiksen, who testified before the court on the petitioner's mental defenses. Dr. Burstein, a psychologist, testified that records of petitioner's psychiatric history showed that no one had diagnosed petitioner as schizophrenic after 1974. He also opined that the many doctors who had, before 1975, diagnosed petitioner as being schizophrenic were wrong in making that diagnosis. Dr. Gudiksen, a psychiatrist, testified that petitioner did not suffer from paranoid schizophrenia at the time she examined him or at the time of the crime. Instead, she believed that petitioner had an "anti-social personality disorder" without "organic brain syndrome." Red at 10-11. This evidence did not, however, erase the doubt that the other evidence had created about petitioner's competence to stand trial.
 
 
 11
 Because petitioner's trial took place more than a decade ago, a retrospective determination of petitioner's competency at that trial is no longer possible. We therefore vacate petitioner's convictions. The state is free to retry the petitioner, "assuming, of course, that at the time of such trial he is competent to be tried." Drope v. Missouri, 420 U.S. 162, 183 (1975).[2]
 
 
 12
 REVERSED and REMANDED with instructions to grant the petition for a writ of habeas corpus.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 13
 I respectfully dissent.
 
 
 14
 The federal habeas corpus statutory standard at 28 U.S.C. § 2254(d)(8) controls our review of the state court's determination that no competency hearing was needed. Maggio v. Fulford, 462 U.S. 111, 117 (1983). The statute requires us to accord a "presumption of correctness" to the state court's determination. See Evans v. Raines, 800 F.2d 884, 886 (9th Cir.1986). The determination that no competency hearing was required is factual, and we cannot overturn it if it was "fairly supported by the record.' " Maggio v. Fulford, 462 U.S. 111, 117 (1983) quoting 28 U.S.C. § 2254(d)(8). We cannot substitute our judgment as to the credibility of evidence for that of the state court. Id. at 113.
 
 
 15
 The majority has not discussed application of Maggio, relying instead upon our subsequent decisions in Hernandez v. Ylst, 930 F.2d 714, 716 (9th Cir.1991), and United States v. Lewis, No. 92-50384 (9th Cir.1993). Neither of these cases cites or discusses Maggio, so they cannot be treated as circuit decisions interpreting the Supreme Court decision. If they were precedent on the question presented, then we would be required to follow them. United States v. Mandel, 914 F.2d 1215, 1221 (9th Cir.1991). But they are not, because the question of standard of review was not at issue and applicability of Maggio was not considered in those cases. We must therefore follow Maggio. Cross v. Bruning, 413 F.2d 678, 680 (9th Cir.), cert. denied, 396 U.S. 970 (1969). The only Ninth Circuit case citing Maggio is Evans v. Raines, 800 F.2d 884, 887 (9th Cir.1986), which applies the rule that determinations of competency are entitled to a presumption of correctness.
 
 
 16
 The majority correctly articulates the substantive test as whether a reasonable judge should have experienced doubt as to Turk's competency. Under Maggio, we must accord a presumption of correctness to the state court determination to the contrary, and uphold it if it was fairly supported by the record. Applying this deferential standard, I do not think we can set aside the state court determination.
 
 
 17
 Turk was charged with and convicted of murder, for beating a woman to death. Turk's defense was to be that because of his diminished capacity, he was only capable of manslaughter. Midway through trial, Turk told his lawyer that he did not want to use the diminished capacity defense. Turk's lawyer then requested a competency hearing. Turk's lawyer said that because Turk could not distinguish between legal and spiritual guilt, Turk would not accede to his counsel's suggestion that he offer diminished capacity as a defense.
 
 
 18
 The state judge reviewed reports on Turk's mental health written by three different specialists. One psychologist reported that Turk had brain damage and was psychotic, but two other experts contradicted this opinion. One psychiatrist found that although Turk had been schizophrenic, his disease was in remission, and the other diagnosed Turk as having an anti-social personality disorder, but not schizophrenia.
 
 
 19
 The state trial judge engaged Turk in a colloquy. Turk told the judge, "Well, I just, you know, I'd rather go to trial as it is right now without anyone coming, any expert witness. What I didn't want was N.G.I., the defense for diminished capacity. I don't want to deal with that." He also told the judge, "I want to go straight into this trial as it is. I want to withdraw the plea of not guilty by reason of insanity, N.G.I., and I don't want the matter of diminished capacity." Unlike us, the state judge observed Turk as Turk spoke, and observed Turk throughout a twenty day trial. The judge concluded, based on his observation of Turk and his colloquy with him, the psychiatric reports, and counsel's recommendation, all considered in light of the judge's own extensive experience presiding in psychiatric court, that "as I listen to him, I honestly feel he is competent to proceed with this trial--I have no doubt about it," and "as I talked to the defendant, I feel that he has the ability to proceed."
 
 
 20
 Those are the critical findings. The record fairly supports them. Turk's own statements show reasoned analysis and judgment about how he wished to proceed, and evinced his understanding of the proceedings and his ability to make decisions based upon realistic perception of the alternatives. The colloquy, along with the trial judge's other extensive observation of Turk and two of the psychiatric reports, afforded a substantial evidentiary basis to the state trial judge for his determination that there was no bona fide doubt as to Turk's competency to stand trial.
 
 
 21
 If we were permitted to substitute our judgment de novo, we might conclude that the report of brain damage and psychosis required a hearing. But we may not, under Maggio, accord so little deference to a state court determination. We should therefore affirm.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and NInth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cf. United States v. Lewis, No. 92-50384, slip op. at 3541 (9th Cir. Apr. 9, 1993) ("A court reviewing a record for evidence of a defendant's competence in a prior proceeding must determine 'whether evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence.' " (citation omitted))
 
 
 [2]
 Because we grant the habeas petition on due process grounds, we do not reach the ineffective assistance of counsel claim