## PEOPLE v. BRASHAW.

1. CRIMINAL LAW—COURT RULES—CONSEQUENCE OF PLEA OF GUILTY.
   After a plea of guilty and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea (GCR 1963, 785.3[2]).

2. SAME—CONSTITUTIONAL LAW—WAIVER OF TRIAL BY PLEADING GUILTY.
   The natural or necessary result of the exercise of the right to plead guilty to charge of crime is to waive the constitutional right to trial and all its incidents (US Const, Am 6; Mich Const 1963, art 1, § 20; GCR 1963, 785.3).

3. SAME—COURT RULES—CONSEQUENCE OF PLEA OF GUILTY.
   Claim of defendant, who pled guilty to a charge of breaking and entering, that his conviction is defective because the trial judge failed to inform him of the consequence of his plea, held, without merit, where defendant stated that he understood he would have to serve time in a jail or prison if he were convicted and that defense counsel explained he might be sentenced to up to 10 years in prison (CL 1948, § 750.110, as amended by PA 1964, No 133; GCR 1963, 785.3).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 486, 487.
[2] 21 Am Jur 2d, Criminal Law § 495.
[3] 21 Am Jur 2d, Criminal Law §§ 486–489.
[4] 21 Am Jur 2d, Criminal Law § 533.

4. SAME—SENTENCE.

A sentence imposed by the trial judge within the maximum provided by statute is not subject to supervisory control by the Court of Appeals.

Appeal from Livingston; Carland (Michael), J. Submitted Division 2 June 9, 1967, at Lansing. (Docket No. 1,618.)  Decided December 6, 1967.

Stephen Brashaw was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles B. Galesman,* Prosecuting Attorney, for the people.

*E. Reed Fletcher,* for defendant.

McGREGOR, J.  Defendant was arraigned on November 1, 1965, on a charge of breaking and entering.* The court appointed counsel for the defendant. The arraignment was then adjourned until November 8, 1965, at which time the defendant pleaded guilty to the charge and was sentenced to 4 to 10 years, on December 6, 1965.

Defendant brings this appeal on the ground that the trial judge failed to comply with GCR 1963, 785.3(2): that is, that the trial judge failed to inform the appellant of the consequence of his plea; more specifically, did not inform the appellant of the maximum sentence for breaking and entering. Counsel for the appellant in his brief further says:

"The sole objection of the defendant in this cause is as to the severity of the sentence."

* CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp § 28.305).

The following colloquy from the arraignment is relevant:

"*The Court:* You understand, sir, that if you are convicted of this offense, that you might have to serve time in one of the jails or prisons of this State?
"*The Defendant:* Yes, sir."

Subsequently, at the continuation of the arraignment, on November 8, 1965, the following colloquy occurred:

"*The Court:* You told the Court you understood the consequences if you were convicted of this offense?
"*The Defendant:* Yes, sir."

Counsel for defendant, in his brief, says: "That in the course of conferences with the defendant, counsel had explained that he might be sentenced up to 10 years but that   *   *   *   ." While this statement of defendant's counsel does not control our decision, it bolsters the defendant's statement to the court that he understood the consequences of his conviction.

It is clear that the trial judge did inform the defendant that he might be sent to prison if convicted. This Court, in *People* v. *Charles A. White* (1967), 8 Mich App 220, addressing itself to the meaning of "consequence of his plea" said p 224:

"The phrase 'consequence of his plea' bears no relation to advice by the trial judge to a defendant with respect to punishment. Any person charged with a crime has a constitutional right to trial, US Const, Am 6; Mich Const 1908, art 2, § 19; Mich Const 1963, art 1, § 20; he also has a right to plead guilty. *Attorney General* v. *Montgomery* (1936). 275 Mich 504, 529; CL 1948, § 763.2 (Stat Ann 1954 Rev § 28.855). Consequence is a natural or neces-

sary result, Webster's Third New International Dictionary (1964), p 482. The natural or necessary result of the exercise of the right to plead guilty is to waive the constitutional right to trial and all the incidents thereof. Such is the sense and true meaning of Court Rule No 35A (1945), and GCR 1963, 785.3."

The second issue raised, *viz.,* the severity of the sentence, is resolved by *People* v. *Doran* (1967), 6 Mich App 86, 88:

"The sentence imposed by the trial judge was within the maximum provided by the statute and this Court does not have supervisory control over the punishment." *People* v. *Pate* (1965), 2 Mich App 66.

Affirmed.

QUINN, P. J., and GILLIS, J., concurred.