PEOPLE *v.* HINTON

CRIMINAL LAW — PLEA OF GUILTY — FACTS ESTABLISHING CRIME — COURT RULE.

> A plea of guilty of second-degree murder was properly accepted even though the trial court did not elicit sufficient facts to establish murder where the entire record shows that the defendant killed his victim in perpetration of a robbery, that if tried, it is not improbable that the defendant would have been convicted of murder in the first degree, that the defendant, his attorney, and the trial judge all knew these things, that the accepted plea of guilty was a bargained plea that may someday enhance his opportunity of parole, that there has been no suggestion on appeal that defendant did not in fact commit murder, and that no miscarriage of justice has been done. (GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J.   Submitted Division 1 May 3, 1970, at Detroit.   (Docket No. 8,057.)   Decided October 5, 1970.

Clarence A. Hinton was convicted, on his plea of guilty, of second-degree murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

PER CURIAM. Defendant pled guilty to a charge of second-degree murder,[1] as reduced from the original charge of first-degree murder.[2] Subsequent to sentencing, defendant moved to set aside his plea of guilty; the motion was denied by the trial court.

Defendant claims that the trial judge erred in the acceptance of his plea of guilty because he did not follow the mandates of GCR 1963, 785.3. The defendant argues that (1) the court did not advise the defendant that he had a right to a trial by jury and (2) that the court failed to interrogate the defendant as to the acts which constituted the crime.

The record discloses that on the day defendant pled guilty he signed a waiver of trial by jury which stated:

"I fully understand that under laws of this state I have a constitutional right to trial by jury."

The transcript shows that at the time the court accepted the defendant's plea of guilty the only inquiry by the court of defendant concerning the facts of the crime was as follows:

*"The Court:* Now, you are charged with having on October 21, 1967, with killing one Ernest Sams. I will ask you on that date and that occasion, did you shoot Ernest Sams?
*"The Defendant:* Yes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] CL 1948, § 750.317 (Stat Ann 1954 § 28.549).
[2] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

*"The Court:* And you are aware that Ernest Sams did die?

*"The Defendant:* Yes."

Obviously, these facts alone do not establish murder. The facts fail to show that when the defendant shot Sams he intended to kill him.

Our examination of the entire record, including the record of the preliminary examination, convinces us (1) that the defendant killed his victim in perpetration of a robbery, (2) that if tried, it is not improbable that the defendant would have been convicted of murder in the first degree, (3) that the defendant, his attorney, and the trial judge all knew these things, (4) that the accepted plea of guilty was a bargained plea that may someday enhance his opportunity of parole, (5) that there has been no suggestion on appeal that defendant did not in fact commit murder, and (6) that no miscarriage of justice has been done.

On the authority of *People* v. *Stearns* (1968), 380 Mich 704; *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Seifert* (1969), 17 Mich App 187; *People* v. *Donald T. Moore* (1970), 21 Mich App 150; and *People* v. *Rufus Williams* (1970), 23 Mich App 459, defendant's conviction is affirmed.