PEOPLE *v.* MEDLEY

1. CRIMINAL LAW—PLEA OF GUILTY—SUFFICIENT SUPPORTING FACTS.

A plea of guilty was properly accepted even though there were not sufficient facts elicited at the taking of the plea to support the plea where there were sufficient facts established at the preliminary hearing and at the sentencing to establish the elements of the crime and defendant's participation in the crime.

2. CRIMINAL LAW—PLEA OF GUILTY—OUT-OF-COURT CONFESSION—INQUIRY BY JUDGE.

There is no requirement in guilty plea proceedings that the trial judge *sua sponte* inquire whether a defendant has made an out-of-court confession.

Appeal from Macomb, Alton H. Noe, J.    Submitted Division 2 September 22, 1970, at Lansing. (Docket No. 8,466.)    Decided October 6, 1970.

Randy Medley was convicted, on his plea of guilty, of unarmed robbery.    Defendant appeals.    Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: Quinn, P. J., and McGregor and Bronson, JJ.

Per Curiam. Defendant appeals from his conviction and sentence upon a plea of guilty of unarmed robbery. Defendant was originally charged with armed robbery. It was alleged that he assaulted one Eldred Monticello with a lug wrench and took about $8 and a gun from him. After a preliminary examination, trial was held at which a second count, of unarmed robbery, was added and to which defendant pled guilty. Defendant was later sentenced to serve ten to fifteen years imprisonment. His motion for a new trial was denied.

Defendant's first assignment of error is that the court below did not elicit sufficient facts from him to support a conviction for unarmed robbery and that therefore the plea was improperly taken. *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Richard E. Johnson* (1967), 8 Mich App 204; *People* v. *Perine* (1967), 7 Mich App 292. While the judge below may not have elicited sufficient facts from the defendant at the guilty plea, there were sufficient facts revealed at the preliminary examination, *People* v. *Bartlett* (1969), 17 Mich App 205, and at sentencing, *People* v. *Minson* (1970), 24 Mich App 692, to satisfy us that the elements of the crime and defendant's participation therein were established. This allegation of error is without merit.

Defendant's second assignment of error is that the Court below erred by not inquiring whether he had made an out-of-court confession and whether this influenced his plea as required by *People* v. *Taylor* (1968), 9 Mich App 333. *People* v. *Taylor, supra,* was overruled by our Michigan Supreme Court in *People* v. *Taylor* (1970), 383 Mich 338.

Furthermore, in *People* v. *Kinsman* (1970), 21 Mich App 242, 243, this Court specifically said:

"Presently, there is no requirement in guilty plea proceedings that the trial judge *sua sponte* inquire whether a defendant had previously given an out-of-court confession."

See also *People* v. *Lucy* (1970), 21 Mich App 252.

Accordingly, since neither of defendant's allegations of error are meritorious, his conviction must be affirmed.