PEOPLE v. BRADSHAW

1. Criminal Law—Plea of Guilty—Examination—Preliminary Examination.

Failure to elicit from the defendant all the elements of the crime charged when accepting his plea of guilty was not reversible error where all of the elements of the charge to which defendant pled guilty were clearly supported by the record of the preliminary examination.

2. Criminal Law—Breaking and Entering—Larceny—Elements of Crime.

The elements of breaking and entering with intent to commit larceny were established where the record of the preliminary examination clearly indicated that the defendant broke into and entered a building in which a robbery took place, was arrested in the building, and admitted that he had a larcenous intent.

3. Criminal Law — Sentencing — Military Record — Juvenile Record — Criminal Record.

A court in determining the sentence to be imposed on a defendant may properly take into consideration the defendant's military record, juvenile record, or previous criminal record.

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 487.
[2] 13 Am Jur 2d, Burglary § 8 et seq.
[3] 29 Am Jur 2d, Evidence § 328.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 November 4, 1970, at Lansing. (Docket No. 9,106.) Decided December 2, 1970. Leave to appeal denied February 26, 1971. 384 Mich 811.

Richard E. Bradshaw was convicted, on his plea of guilty, of breaking and entering a building with the intent to commit a larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Peter Anastor,* for defendant on appeal.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

FITZGERALD, J. The defendant and an accomplice, Billy Patterson, were both charged on an information with safebreaking[1] and breaking and entering with intent to commit larceny.[2] A preliminary examination was held on March 28, 1969, and both parties were bound over to Genesee County Circuit Court.

On June 26, 1969, both defendants pled guilty to the charge of breaking and entering after the prosecuting attorney had petitioned the trial court to dismiss the safebreaking charge. The trial judge took the pleas of both parties at the same time and, finding that they were voluntarily made, accepted them both. The defendant in this appeal, Bradshaw, was sentenced to five to ten years.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.531 (Stat Ann 1954 Rev § 28.799).
[2] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

On December 22, 1969, the defendant, now represented by different counsel than at time of plea, made a motion to vacate the guilty plea and to set aside the sentence. The motion was denied on January 21, 1970, and was followed by a written opinion. Defendant is now appealing the denial of the motion to set aside the guilty plea and vacate sentence.

The defendant's accomplice, Billy Patterson, also appealed from the taking of his guilty plea and this Court affirmed that, the case being *People* v. *Patterson* (1970), 25 Mich App 246.

The defendant alleges three elements of error: 1) that a proper inquiry was not made and that the trial judge in the taking of the guilty plea did not properly elicit the elements of the crime; 2) that his guilty plea was not freely and voluntarily made as his accomplice had already decided to plead guilty and that he was afraid that his accomplice's guilty plea could be used against him at trial and this resulted in a coerced plea; and 3) that it was improper for the trial judge to take the defendant's prior record into account in the sentencing.

While the trial judge did not specifically elicit all of the elements of the crime from the defendant at the taking of the guilty plea, this Court has held that such error is not fatal to the plea when all of the elements of the crime are clearly supported in the preliminary examination transcript. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Medley* (1970), 27 Mich App 195; *People* v. *Hinton* (1970), 27 Mich App 186. A review of the preliminary examination transcript in this case clearly indicates that the defendant and his accomplice somehow broke into the building in which the larceny took place and were arrested in the building. As the parties were both arrested inside the building, and as the defendant admits that he had a larcenous in-

tent, the elements of breaking and entering with intent to commit larceny have been established and this claim of error by the defendant is without weight.

Since the defendant does not allege any specific threats or promises on the part of the prosecutor, whether fulfilled or unfulfilled, as an inducement for his plea, the second allegation of error is also of no consequence.

The basic rule of law in Michigan is that as long as a defendant's sentence is within the statutory maximum, it will not be disturbed on appeal. *People* v. *Connor* (1957), 348 Mich 456; *People* v. *Brashaw* (1967), 9 Mich App 128; *People* v. *O'Den* (1968), 15 Mich App 10; *People* v. *Walker* (1968), 15 Mich App 25; *People* v. *Vandenboss* (1970), 25 Mich App 702.

Since a 5 to 10 year sentence for breaking and entering is within the statutory maximum provided in MCLA § 750.110, the defendant has been sentenced within the statute and this Court will not disturb that sentence. It has also long been a rule in Michigan that it is perfectly proper for a trial judge to take into consideration a defendant's military record, his juvenile record, or his previous criminal record in determining a sentence. *People* v. *Williams* (1923), 225 Mich 133; *People* v. *Losinger* (1951), 331 Mich 490; *People* v. *Guillett* (1953), 342 Mich 1; *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Charles Williams* (1969), 19 Mich App 544; *People* v. *Vandenboss, supra.*

Affirmed.

All concurred.