PEOPLE *v.* MERKERSON

CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY EX-
AMINATION TRANSCRIPT.
   An appellate court may review the transcript of the preliminary
   examination to determine whether a sufficient factual basis
   exists to support a guilty plea.

Appeal from Recorder's Court of Detroit, Vincent
J. Brennan, J. Submitted Division 1 June 15, 1971,
at Detroit. (Docket No. 10478.) Decided July 29,
1971.

Raymond Merkerson was convicted, on his plea
of guilty, of assault with intent to rob while being
armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*John L. Belanger,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and
McGREGOR, JJ.

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 867.
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam. The defendant pled guilty to assault with intent to rob while armed, a violation of MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). He was sentenced to a term of life imprisonment.

The defendant makes two allegations of error on appeal. The first is that the trial judge did not make a sufficient inquiry into the facts to support his acceptance of the guilty plea. The other is that his plea was not freely and voluntarily made.

On appeal, this Court may review the transcript of the preliminary examination in order to determine whether there was a sufficient factual basis for a defendant's plea. *People* v. *Hinton* (1970), 27 Mich App 186; *People* v. *Medley* (1970), 27 Mich App 195; and *People* v. *Bradshaw* (1970), 28 Mich App 354. A review of the preliminary examination in this matter reveals a sufficient factual basis to support the defendant's plea of guilty, and we find there was no error on that count.

We may reverse a guilty plea as not being freely and voluntarily made if there are unfulfilled promises on the part of the prosecutor. *People* v. *Bartlett* (1969), 17 Mich App 205. This defendant alleges no unfulfilled promises on the part of the prosecutor, and a review of the transcript of the guilty plea proceeding indicates that it was indeed freely and voluntarily made.

We find no reversible error in the proceedings below. The defendant's conviction is hereby affirmed.