PEOPLE *v.* BUTLER

1. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—TRIAL RECORD.
   A trial judge, in order to ascertain the truth of a defendant's plea of guilty, may take notice not only of the plea-hearing record but of other elements of the record including facts revealed at a mistrial involving the defendant over which the judge presided.

2. CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—FACTUAL BASIS—TRIAL RECORD.
   Defendant's plea of guilty of assault with intent to do great bodily harm less than murder was properly accepted, even though the plea-taking record did not reveal that defendant had just committed a robbery in the complainant's store before defendant and complainant exchanged shots, where the trial judge had previously presided over a trial, which resulted in a mistrial, concerning the armed robbery count against defendant and there had been testimony regarding the armed robbery during the trial.

3. CRIMINAL LAW—PLEA OF GUILTY—VALIDITY—ADVICE OF COUNSEL.
   The validity of a guilty plea is not vitiated by defense counsel's failure to advise defendant as to two of many complex factors which must be analyzed in determining whether to tender a guilty plea.

4. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—ADVICE OF COUNSEL.
   Defendant's plea of guilty of assault with intent to commit great bodily harm less than murder was freely, understandingly, and voluntarily made even though defense counsel failed to

---

REFERENCES FOR POINTS IN HEADNOTES
[1-4]  21 Am Jur 2d, Criminal Law § 484 *et seq.*
[5]  5 Am Jur 2d, Appeal and Error § 938.
   21 Am Jur 2d, Criminal Law § 533.

advise defendant concerning a possible jeopardy bar to a further prosecution for armed robbery, for which the original prosecution had ended in a mistrial and where the assault to which defendant was pleading guilty had occurred during the armed robbery and even though counsel failed to advise the defendant of the difficulties which the prosecution might encounter when attempting to introduce into evidence a gun which had been used in the robbery and allegedly was the assault weapon.

5. CRIMINAL LAW—SENTENCING—CONSIDERING CHARGES AS CONVICTIONS.

Defendant's sentence of nine to ten years for assault with intent to commit great bodily harm less than murder, being within a statutory maximum, was not altered on appeal even though the trial judge declared, at the sentencing, that defendant, who was represented by counsel, was guilty of armed robbery and possibly of two other assaults, where the defendant had only been charged with, not convicted of, armed robbery and assault.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 September 7, 1971, at Grand Rapids. (Docket No. 10985.) Decided October 26, 1971. Leave to appeal granted, 387 Mich 756.

Joseph Earl Butler was convicted, on his plea of guilty, of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Herman C. Campbell,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and BRONSON, JJ.

LESINSKI, C. J.   Defendant pled guilty to the charge of assault with intent to do great bodily harm less than the crime of murder, MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).   Defendant appeals as of right.

Defendant was charged with armed robbery, MCLA § 750.529 (Stat Ann 1954 Rev § 28.797), and assault with intent to commit murder, MCLA § 750. 83 (Stat Ann 1962 Rev § 28.278).   Defendant went to trial on the armed robbery count, but the trial judge declared a mistrial on his own motion.   Subsequently, defendant pled guilty to an added count of assault with intent to commit great bodily harm less than the crime of murder.

On appeal, defendant urges that the trial court failed to comply with the requirements of GCR 1963, 785.3 in accepting his plea of guilty.   That rule requires the trial judge, upon accepting a plea of guilty, to examine the accused as to whether the plea was freely, understandingly, and voluntarily made.   To conform with the rule, the trial court must question the accused as to the facts of the crime and his participation therein.   *People* v. *Barrows* (1959), 358 Mich 267; *People* v. *Morris* (1971), 33 Mich App 654.

The plea hearing record in this case reveals that defendant, as he was leaving a store, was fired on by the store owner, and defendant returned the store owner's fire.   Although the plea-taking record does not reveal that defendant had just committed a robbery in the store before he and the store owner exchanged shots, the trial judge had previously presided over mistrial proceedings involving the armed robbery count where there was testimony to this effect.   This Court has often held that the trial court, in order to establish the truth of a plea, may

take notice not only of the plea hearing record, but other elements of the record in the case. Specifically, plea-taking proceedings have been approved when a factual basis was revealed by the preliminary examination transcript or sentencing transcript. *People* v. *Coates* (1971), 32 Mich App 52; *People* v. *Medley* (1970), 27 Mich App 195; *People* v. *Hinton* (1970), 27 Mich App 186. Similarly, the judge, in accepting a plea of guilty, may take notice of the facts revealed at a mistrial over which he presided.

Defendant further alleges that his plea was not freely, understandingly, and voluntarily made because his counsel at trial failed to notify him concerning a possible double jeopardy bar to further prosecution on the armed robbery count and the difficulties which the prosecution might encounter when attempting to introduce into evidence the gun alleged to be the assault weapon. If he had been fully informed as to these two factors, defendant maintains, he would not have pled guilty.

We reject this contention. The validity of a guilty plea is not vitiated by the failure of counsel to advise defendant as to two of many complex factors which must be analyzed in determining whether to tender a guilty plea. As the United States Supreme Court stated in *McMann* v. *Richardson* (1970), 397 US 759, 769, 770 (90 S Ct 1441, 1448; 25 L Ed 2d 763, 772, 773):

"The decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict

how the facts, as he understands them, would be viewed by a court.   *  *  *   Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.

"That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing."

The advice which defendant received from his counsel below was certainly "within the range of competence demanded of attorneys in criminal cases." *McMann, supra,* p 771 (90 S Ct p 1449, 25 L Ed 2d p 773).

Additionally, defendant charges that the trial court committed error at the time of sentencing by stating:

*"The Court:* You know and I know on the basis of the testimony that came in in the somewhat garbled-up record we have at the partial trial before I claimed a mistrial, you are guilty of an armed robbery and you are also guilty of two possible assaults."

As authority for the proposition that it is error for the trial court to consider charges as actual convictions in determining defendant's sentence, defendant cites *Townsend* v. *Burke* (1948), 334 US 736 (68 S Ct 1252, 92 L Ed 1690). However, the *Townsend* decision is distinguishable from the present case. The United States Supreme Court emphasized repeatedly in *Townsend* that defendant was unrepresented by counsel at sentencing. Defendant here was represented by counsel.

It is well-settled law in this State that appellate courts will not disturb a sentence that is within the

statutory maximum. *People* v. *Krum* (1965), 374 Mich 356; *People* v. *Connor* (1957), 348 Mich 456; *People* v. *Pate* (1965), 2 Mich App 66. Defendant's sentence of nine to ten years in prison was within the statutory maximum and this Court accordingly will not alter it, despite the fact that the trial judge declared that the defendant was guilty of armed robbery and two possible assaults.

Affirmed.

All concurred.