PEOPLE v LAUNSTEIN

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCING—JUVENILE RECORDS.
   A trial court may use a defendant's juvenile record as background information in order to make a proper determination as to what sentence to impose on the defendant.

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW—SENTENCING—JUVENILE RECORDS.
   *Consideration by a trial court of the juvenile record of a defendant in determining sentence is reversible error.*

Appeal from Iosco, Allan C. Miller, J. Submitted Division 3 November 13, 1972, at Lansing. (Docket No. 14145.) Decided February 26, 1973.

Brian Launstein was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Kenneth J. Myles,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. Defendant was charged with

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.

breaking and entering a hardware store in Iosco
County, Michigan, on November 2, 1971. Jurisdic-
tion of defendant, a juvenile, was waived by a
December 9, 1971 order of the juvenile division of
Iosco County Probate Court. An information was
issued charging the defendant in the first count
with breaking and entering, MCLA 750.110; MSA
28.305. A second count charged the defendant with
larceny in a building, MCLA 750.360; MSA 28.592.
The defendant proffered a plea of guilty to the
second count and was then questioned extensively
by the trial court. The plea was accepted and the
defendant was subsequently sentenced to three
years probation. One of the probationary terms
was that defendant serve the first six months in
the county jail.

On appeal, the defendant contends that he was
not properly advised of his constitutional rights as
required by *People v Jaworski,* 387 Mich 21 (1972).
A second allegation of reversible error posed by
the defendant was that the trial court improperly
considered the defendant's juvenile record in sen-
tencing him.

We have examined the transcript of the plea
proceedings and find that the three basic require-
ments set forth in the *Jaworski* decision were met
by the trial court.

We feel that the trial court may use defendant's
juvenile record as background information in or-
der to make a proper determination as to what
sentence to impose on the defendant. *People v
Coleman,* 19 Mich App 250 (1969); *People v Welch,*
25 Mich App 694 (1970); *People v Bradshaw,* 28
Mich App 354 (1970); and *People v Ward,* 33 Mich
App 308 (1971).

Affirmed.

Quinn, P. J., concurred.

T. M. BURNS, J. *(dissenting).* Because the lower court used the 16-year-old defendant's juvenile record in determining sentence, I am obliged to disagree with the holding of the majority opinion. I am aware that this issue has not been resolved and is presently before the Supreme Court. I, nevertheless, feel that I must dissent.

I likewise feel obliged to mention the obvious fact that the young defendant was waived out of juvenile court. The appellant does not raise this as an issue, but I believe the Court should, *sua sponte,* at least mention a situation as critical as this one. Once the issue is raised, one of the questions would be whether or not to pass on the validity of the waiver or to withhold decision until *People v Fields,* 388 Mich 66 (1973), now before our Supreme Court on rehearing, has been handed down.

On the question of consideration of the juvenile record by the lower court, I feel this is sufficient to warrant a reversal and a new trial.