PEOPLE v ROGERS

1. Criminal Law—Plea of Guilty—Plea Bargaining—Prosecu-
   tor's Promises—Appeal and Error.

   The Court of Appeals must reject a general challenge of a
   defendant, who had been charged with three crimes and pled
   guilty to one of the charges in a plea negotiation wherein the
   prosecutor agreed to drop the remaining charges, that there
   was insufficient evidence to support the two charges dropped
   where no record was preserved from which the Court could test
   the sufficiency of that evidence and where the defendant did
   not claim that the promises on the part of the prosecutor were
   unfulfilled.

2. Burglary—Breaking and Entering—Armed Robbery.

   Breaking and entering is a distinct and separate offense from
   that of armed robbery (MCLA 750.110, 750.529).

3. Criminal Law—Plea of Guilty—Truth of Plea.

   A trial court is obliged to inquire into the truth of a plea of guilty
   but is not required to make additional inquiry into every other
   matter raised against the pleader.

4. Criminal Law—Sentences—Juvenile Record.

   A trial court is entitled to examine a defendant's juvenile record
   for the purpose of determining sentence.

5. Criminal Law—Juvenile Court—Waiver of Jurisdiction—Case
   Law—Rehearing—Appeal and Error.

   The ruling in a Supreme Court case which deals with the validity

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
   Enforceability of plea agreement, or plea entered pursuant thereto,
   with prosecuting attorney involving immunity from prosecution
   for other crimes, 43 ALR3d 281.
[2] 13 Am Jur 2d, Burglary § 8.
   13 Am Jur 2d, Robbery §§ 1, 4, 14.
[3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
   Children §§ 4, 8.
[5] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
   Children, § 21.

of the procedures for waiving jurisdiction over juveniles in criminal cases from probate to circuit court for trial is inapplicable to a case in which such a waiver is challenged on the basis of that ruling where the ruling is now on rehearing before the Supreme Court; in the event the ruling is affirmed and made retroactive a motion for rehearing on the issue may be made by the defendant without prejudice.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 April 6, 1972, at Grand Rapids. (Docket No. 12056.) Decided August 30, 1973.

Kenneth Rogers was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Larry R. Farmer,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and BORRADAILE,* JJ.

PER CURIAM. Defendant was convicted on his plea of guilty to the charge of armed robbery, MCLA 750.529; MSA 28.797, and sentenced to a term of 7-1/2 to 20 years in prison with credit for time spent in jail prior to sentencing. Defendant appeals from denial of his motion to vacate the guilty plea and grant a new trial, and motion, in the alternative, for resentencing. He was approximately 16-1/2 years old at the time of the offense. Jurisdiction was waived by the Juvenile Division

---

* Former circuit judge, now probate judge, sitting on the Court of Appeals by assignment.

of Kent County Probate Court after a full hearing in which defendant was represented by retained counsel.

Defendant was originally charged with breaking and entering an occupied dwelling with the intent to commit a felony, MCLA 750.110; MSA 28.305, and assault with attempt to rape MCLA 750.85; MSA 28.280, as well as armed robbery. On appeal he challenges the validity of his guilty plea. He claims the plea was negotiated on the basis of the prosecutor's agreement to drop the remaining charges for a plea of guilty to the charge of armed robbery. Defendant does not claim that promises on the part of the prosecutor were unfulfilled. *People v Bartlett,* 17 Mich App 205; 169 NW2d 337 (1969); *People v Merkerson,* 35 Mich App 395; 192 NW2d 656 (1971). He claims, however, there was insufficient evidence to support the charge of assault with intent to rape. He further argues that the breaking and entering with which defendant was charged was an integral part of the armed robbery offense to which he pled guilty. He argues that any breaking and entering was merely preparation for the intended crime of armed robbery. He reasons that as mere preparation, the lesser offense would of necessity be absorbed within the greater charge and could not properly be treated as a separate offense or prosecuted as such. He concludes, finally, that since separate convictions could not have been obtained under the charges dismissed, any plea bargains based on them were illusory and fallacious bargains.

Normally, this Court would review the transcript of the preliminary examination in order to determine whether there was a sufficient factual basis to support a charge, such as assault with intent to rape in this case. Defendant, however,

waived his right to preliminary examination and thereby failed to preserve a record from which such a determination could be made. Arguments that defendant's waiver of preliminary examination was involuntary and uninformed are digressive. He failed to preserve it as a side issue in the proceedings below and fails to treat it directly with authority and arguments on appeal. Matter does appear in defendant's brief on appeal suggesting that there did exist a factual basis to support the attempted rape charge. Appended to defendant's brief is the petition for waiver of jurisdiction addressed to the Juvenile Division of the Kent County Probate Court and filed by the prosecutor in this case. The petition contains the following charge:

"(d) The said KENNETH ROGERS did assault [name of victim], 85 years old, on January 21, 1971, with intent to commit the crime of rape, by stripping off her panties, wrapping them around her neck and dragging her into the living room of her home, contrary to Section 28.280 of Michigan Statutes Annotated, as amended."

A full hearing was held on the waiver petition in which defendant was represented by counsel. Opportunity was had to challenge the sufficiency of the attempted rape charge at that time. While the waiver hearing is not taken as a direct equivalent of a preliminary examination, nevertheless, defendant was put on notice as to the factual nature of the charge resting against him and any serious doubt as to the sufficiency could have been raised before he entered his plea. In view of the fact that no record was preserved from which we can test the sufficiency of the attempted rape charge on appeal and that no direct challenge has been made on appeal to the factual matters contained in the

prosecutor's petition, we must reject defendant's general challenge to the sufficiency of the charge.

Next we take defendant's challenge of the breaking and entering charge. In substance breaking and entering is a distinct and separate offense from that of armed robbery. Appellate counsel fails to provide authority establishing that breaking and entering is a lesser included offense to that of armed robbery. That defendant broke into and entered the victim's house merely in preparation for the intended crime of robbery and that the two constituted a single transaction is merely a defense theory of the case. It is in no way binding on the trier of fact. Had the matter been submitted to a jury, the members would have been as free to find two separate intents and two separate crimes as they would have been to find a single crime. Accordingly, we fail to find that defendant has established any insufficiency or impropriety in the charges presented against him and cannot conclude to any error in the acceptance of his guilty plea. Moreover, while the trial court is obliged to inquire into the truth of the guilty plea, *People v Blewett,* 18 Mich App 327; 17 NW2d 897 (1969), *rev'd* 382 Mich 793 (1969); *People v Coates,* 32 Mich App 52; 188 NW2d 265 (1971), we have not gone so far as to require additional inquiry into every other matter raised against the pleader.

Defendant raises additional questions on appeal. He claims his attorney committed serious and prejudicial mistakes and he was thereby denied effective assistance of counsel.

Examination of the record and briefs fails to disclose the contended serious mistakes on the part of the defendant's attorney. Moreover, nothing in the record and briefs indicates that defendant has properly preserved the issue of effective

assistance of counsel by requesting a full *Jelks* hearing and making a testimonial record in connection with his motion for a new trial or relies on anything brought out at such a hearing. *People v Jelks*, 33 Mich App 425, 431; 190 NW2d 291, 294–295 (1971); *People v Melvin Harris*, 36 Mich App 231; 193 NW2d 339 (1971).

Finally defendant contends that the trial court erred by considering his juvenile record in setting sentence. The law in this state is to the contrary. The trial court is entitled to examine a defendant's juvenile record for the purpose of determining sentence. *People v McFarlin*, 389 Mich 557; 208 NW2d 504 (1973).

In closing it should be noted that we are not unaware of *People v Fields*, 388 Mich 66; 199 NW2d 217 (1972), which deals with the validity of the procedures for waiving juveniles in criminal cases from probate to circuit court for trial. However, *Fields* is inapplicable to the instant case inasmuch as it is now on rehearing before the Supreme Court. Therefore in the event *Fields* is approved and made retroactive, the defendant may, without prejudice, file a motion for rehearing on the question of his waiver from probate to circuit court, otherwise defendant's conviction and sentence are affirmed.