757 P.2d 615

**Michael Jon WAITKUS, Petitioner,**

v.

**The Honorable Thomas A. MAUET, Judge Pro Tempore of Pima County Superior Court, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 88–0056.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1988.

Michael S. Mussman, Pima County Legal Defender by Lori A. Petersen, Tucson, for petitioner.

Stephen D. Neely, Pima Co. Atty. by Charles L. Jenkins, Tucson, for real party in interest.

LACAGNINA, Chief Judge.

Petitioner has brought this special action from the trial court's granting of a motion to compel disclosure filed by the state. Because we believe the trial court acted arbitrarily and exceeded its jurisdiction, we assume jurisdiction and grant relief.

On December 18, 1987, the petitioner was convicted of first-degree burglary and assault. On February 12, 1988, petitioner's trial counsel, an attorney in the Pima County Public Defender's Office, moved to withdraw on the ground that she had been ineffective at trial. The Pima County Legal Defender's Office was appointed to represent petitioner for the purpose of a motion for new trial. That motion was filed on February 19 and supplemented on April

7, 1988. The motion alleged three points to justify a new trial: 1) petitioner suffered a head injury the day before the incident giving rise to his conviction, and trial counsel failed to have any testing done with the aim of possibly establishing a defense of temporary insanity; 2) petitioner claims trial counsel failed to investigate his case, did not adequately prepare for her witness interview, did not conduct adequate interviews, and failed to prepare him for trial; and 3) petitioner contends trial counsel scared him out of attending the trial and failed to affidavit a judge with whom she had a personality conflict.

In response to the motion for new trial, the state filed an objection and a motion to compel disclosure of petitioner's trial counsel's file. The trial court granted the motion to compel disclosure, finding that petitioner had waived the attorney-client privilege by raising the allegation of ineffective assistance and that the work-product privilege, held by trial counsel, no longer existed because the purpose of the work-product privilege had been satisfied. The court ordered that trial counsel's file be produced and turned over to the prosecutor for inspection and copying. The court ruled that if defense counsel believed irrelevant items were in the file, that should be brought to the court's attention, and the court would make an immediate ruling as to those items. The court went on to state that if, after disclosure, the court ordered a new trial, then the trial transcript would be sealed, the prosecutor would not disclose any information gleaned from the disclosure to any other attorney, and that the Pima County Attorney's Office would withdraw from prosecuting the second trial. It is this ruling which gives rise to the special action.

■ We agree that petitioner's attack on trial counsel's competency has waived the attorney-client privilege as to those specific contentions asserted. *State v. Zuck*, 134 Ariz. 509, 658 P.2d 162 (1982), citing Rule 32.8(b), Ariz.R.Crim.P., 17 A.R.S., and *State v. Lawonn*, 113 Ariz. 113, 547 P.2d 467 (1976). Even overlooking the overbreadth of the disclosure order, which is not confined to the specific claims of the petitioner, we find no basis for ordering the production of an attorney's case files. *Zuck* only stands for the proposition that a defendant waives the attorney-client privilege as to the specific issues raised in a claim of ineffective assistance of counsel. Nothing in that case supports the contention that the waiver of the privilege permits access to an attorney's work product and trial preparation files. At most, case law would permit the questioning of the attorney at an evidentiary hearing to determine the validity of a defendant's ineffective assistance claim. *See State v. Lawonn, supra; State v. Kruchten*, 101 Ariz. 186, 417 P.2d 510 (1966), *cert. denied*, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967); *People v. Mullins*, 188 Colo. 29, 532 P.2d 736 (1975); *Northup v. State*, 272 A.2d 747 (Me 1971); *People v. Harris*, 36 Mich.App. 231, 193 N.W.2d 339 (1971).

The trial court's attempt in its order to keep the contents of trial counsel's files from being disseminated to the general public by prohibiting the prosecutor from disclosing the information to any other attorney and by requiring withdrawal of the Pima County Attorney's Office does not avoid the obvious chilling effect the ruling has on a defendant's right to raise a claim of ineffective assistance of counsel. It appears to a defendant that the state will have access to information it could use in other proceedings in addition to information it could use in the event the new trial motion is granted. A defendant should not be subjected to the perusal of his trial counsel's files by the same judge who may subsequently sentence the defendant.

■ The state argues that, by providing the files to the new attorney, the petitioner has waived any claim of privilege. However, even assuming that both counsel were members of completely independent firms, which they are not, the most that could be said is that the privilege is waived. There is still no authority for compelling disclosure. Finally, the state claims the information is unavailable to it in any other, less invasive, manner. We disagree. The trial court may set an evidentiary hear-

ing for the purpose of taking testimony from trial counsel about the specific contentions raised by petitioner. Such a procedure is common in petitions for relief under Rule 32, Ariz.R.Crim.P., 17 A.R.S. While there is no justification for allowing the search of an attorney's files, documents specifically relating to the ineffectiveness claim which are the subject of testimony at the hearing could be produced, and the trial court can insure that irrelevant and still privileged material is protected. *See State v. Moreno*, 128 Ariz. 257, 625 P.2d 320 (1981). Without any statutory or case authority to support it, the production order was arbitrary and in excess of the trial court's jurisdiction. The order is vacated and the cause remanded for further proceedings.

HOWARD, P.J., and HATHAWAY, J., concur.