775 P.2d 1101

The STATE of Arizona, Appellee,

v.

Laura Ann JESSON, Appellant.

No. 2 CA–CR 88–0417.

Court of Appeals of Arizona, Division 2, Department B.

June 6, 1989.

Robert K. Corbin, Atty. Gen., Phoenix, Eric J. Olsson, Asst. Atty. Gen., Tucson, for appellee.

Tracy Ragsdale, Tucson, for appellant.

OPINION

ROLL, Presiding Judge.

Appellant was found guilty after a jury trial of burglary and theft. She was sentenced to six months in the county jail and three years on probation on each conviction, the terms to run concurrently.

**38**

On appeal, appellant argues that she was denied the effective assistance of counsel because she and her codefendant were represented by Pima County employees, one an attorney in the public defender's office, and the other an attorney in the legal defender's office. She claims that her counsel was unable to zealously and without compromise represent her and effectively cross-examine the codefendant. However, the record demonstrates that although appellant's trial attorney was a member of the public defender's office and the codefendant was represented by a legal defender attorney, the two offices are independent and isolated, indeed created for the purpose of avoiding the conflict that appellant alleges. The record on appeal was supplemented by stipulation with Pima County Attorney Opinion Number 87–10, dated February 17, 1987, which suffices to demonstrate that the representation by the offices is legally distinct. The record contains nothing which would support appellant's claim that a conflict of interest existed. Appellant relies on *Waitkus v. Mauet,* 157 Ariz. 339, 757 P.2d 615 (App.1988), in which we stated that the public defender's office and the legal defender's office were not "completely independent firms." However, that decision did not involve an issue of conflict of interest or confidentiality of files as between the two offices, but rather the propriety of an order requiring disclosure of a defense attorney's case file to the prosecutor's office. In this case, because no conflict appears on the record, we cannot find that appellant was denied the effective assistance of counsel.

Our review of the entire record for fundamental error reveals none. Therefore, the judgment of convictions and the sentences imposed are affirmed.

LACAGNINA, C.J., and FERNANDEZ, J., concur.