547 P.2d 467
**STATE of Arizona, Appellee,**
v.
**Leah Lorraine LAWONN, Appellant.**
No. 3231.

Supreme Court of Arizona,
En Banc.
March 26, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This matter was previously before us and was remanded to the trial court by a memorandum decision filed October 22, 1975. On appeal the defendant contended that prior to her plea of guilty, she was not informed of her privilege against self-incrimination as required by Rule 17.2, Rules of Criminal Procedure; *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973). In the remand order we sent the case to the trial court for a determination as to whether the defendant knew that her privilege against self-incrimination would be waived by a plea of guilty.

Subsequently, the trial court held a hearing pursuant to our order of remand, and returned findings and a reporter's transcript of the hearing. The defendant filed objections to the findings of the court.

The basic issue presented at this time is whether a defendant who attacks the validity of a guilty plea because she was not aware that the entry of the plea waived her privilege against self-incrimination, can thereafter assert the attorney-client privilege to keep her attorney from testifying as to information he gave her in this regard.

At the remand hearing, the deputy public defender who had represented the defendant at the guilty-plea proceeding was subpoenaed by the county attorney. He declined to testify, asserting the attorney-

client privilege and referring the court to a recent Michigan Supreme Court case, *People v. Nicholson,* 395 Mich. 96, 235 N.W.2d 132 (1975). Pursuant to stipulation, he filed an affidavit in a sealed envelope which contained the substance of the testimony he might have given at the hearing to be forwarded to this court.

The defendant attacks the finding of the trial court which finds the defendant knew that a plea of guilty waived her privilege against self-incrimination. The court, in making this finding, referred to specific pages in the transcript in support thereof, among which is the following testimony of the defendant who took the stand:

"Q And what right is it that you are contending that you were not informed of at the time that you offered your plea?

"A I don't know my rights—I mean —is it all right if I talk?

"Q Yes.

"A It stated that I've been sentenced so many times that I should have known my rights. Well, I didn't. I mean, I go before a Judge and I get scared. I don't —I'm sure I've been told my rights at other times, but I don't know them."

In view of our position on the assertion of the attorney-client privilege, we need not address the issues raised by defendant's objections.

In *State v. Darling, supra,* we said:

"We hold, therefore, that in cases of pleas of guilty, if on appeal the complete record is deficient as to some of the matters required by Boykin, but otherwise reflect a voluntary, knowing, uncoerced plea and it appears that the record could be expanded to reflect the truth of what happened, the matter will be remanded to the trial court for further proceedings.

"In deciding as we do, we reject the assertion that an accused person cannot know anything except what the judge has told him. We take judicial notice that defendants know many things which

are not told to them by the judge, and if the record will support a finding that the defendant did, in fact, know these things, we will not reverse merely because he did not hear it from the judge." 109 Ariz. at 152, 506 P.2d at 1046.

In *People v. Nicholson, supra,* the Michigan Supreme Court flatly says:

"The attorney-client privilege precludes questioning the defendant's lawyer to establish that he was informed by his lawyer of the omitted right." 395 Mich. at 121, 235 N.W.2d at 141.

■ With this position we do not agree. By raising on appeal the issue of lack of knowledge of a right waived by a guilty plea, we hold that defendant has waived the attorney-client privilege as to this issue. Although differing in mode of presentation and stage of proceedings, this is within the spirit of Rule 32.8, Rules of Criminal Procedure, which permits the state to call the defendant to the stand. Nor do we find a due process problem here. As the United States Supreme Court indicated in *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the adversary system is not a poker game. We are still involved in a search for truth.

The following quote from *United States v. Woodall,* 438 F.2d 1317 (5 Cir., 1970), expresses our position:

"Courts earnestly pursuing reality would be hard put to justify a rule that would allow a defendant circumstanced as Woodall here to assert that his solemn pleas of guilty were negated for lack of accurate information of sentence consequences, then permit him to run a procedural trap play that would block the development of the plain truth which shows his own attorney told him exactly what he could expect. Not only does this specious sophistry fail to protect confidential relationships, it trifles with the truth—it scoffs at justice—and we reject it flatly." 438 F.2d at 1326.

Having decided that the testimony of the defendant's attorney at the guilty proceed-

ing is not privileged, we look to his affidavit. The pertinent part reads as follows:

"I would have testified that I have no independent recollection of what specific conversations I had with Defendant Lawonn regarding advising her of the rights which she would waive by pleading guilty. However, it has always been my practice and habit to inform all clients prior to them entering a plea of guilty of all of the constitutional rights which they are giving up, including the right against self-incrimination."

██ With the affidavit testimony and the testimony taken at the remand hearing, there can be no doubt that the defendant, by pleading guilty, knew that she waived her privilege against self-incrimination.

Judgment of conviction affirmed.

CAMERON, C. J., and HOLOHAN and GORDON, JJ., concur.

STRUCKMEYER, Vice Chief Justice (specially concurring).

I concur in the opinion of the Court in this matter, feeling that it is not in the interest of justice to extend the attorney-client privilege to instances where the client's position is an attack on the adequacy of the representation of the attorney.

While I concurred in the first opinion of this Court remanding the case for a determination as to whether the defendant knew that her privilege against self-incrimination was waived by her plea of guilty, I now have had some second thoughts as to the correctness of our action then.

It should be clearly understood that defendant Lawonn first pled not guilty to the charge of possession of a stolen check. At the hearing in which she changed her plea to guilty, the following occurred:

"THE COURT: * * * you are Leah Lawonn, is that correct?

"DEFENDANT LAWONN: Yes.

THE COURT: And you realize you have been charged by the State of Arizona with possession of a stolen check, do you not?

DEFENDANT LAWONN: Yes.

THE COURT: Is it your desire to enter a plea of guilty to that offense?

DEFENDANT LAWONN: Yes, Your Honor.

THE COURT: Have you thoroughly discussed your change of plea decision with your attorney?

DEFENDANT LAWONN: Yes, I have.

THE COURT: Do you have any question at all concerning your change of plea—

DEFENDANT LAWONN: To—

THE COURT: —to guilty?

DEFENDANT LAWONN: No, Your Honor."

The court then inquired of her as to whether there had been any threats made in an effort to get her to change her plea, any promises of leniency, whether she knew that if she did not go to trial she would waive her right to trial by jury, her right to take the witness stand and testify in her own behalf, her right to subpoena witnesses and to cross-examine the witnesses. Then this occurred:

"THE COURT: Did, as a matter of fact, you have possession of a stolen check, a check that belonged to somebody else?

DEFENDANT LAWONN: Yes, Your Honor.

THE COURT: And when was that, ma'am? About when? What month?

DEFENDANT LAWONN: October.

THE COURT: And were you trying to pass that, cash that check?

DEFENDANT LAWONN: Yes, Your Honor.

THE COURT: Let the record indicate there is a factual basis for the change of plea, the Court accepts the change of plea to guilty, finds it knowingly, voluntarily and intelligently made."

The defendant was never told specifically that she was waiving her constitutional right against self-incrimination. But it is apparent from the fact she knew she did not have to plead guilty, having previously pled not guilty, and from the fact that a plea of guilty can only be understood as an acknowledgment of wrongdoing that she knowingly and voluntarily gave up by such acknowledgment any right which she might have against self-incrimination as to the particular offense charged.

In *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Court said:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth." 395 U.S. at 243, 89 S. Ct. at 1712, 23 L.Ed.2d at 279.

I do not understand that the United States Supreme Court is saying a waiver of the privilege against self-incrimination cannot be made by a plea of guilty if the plea is with the full knowledge by the defendant of his other rights and is voluntary.

The plea of guilty by defendant in the instant case was an acknowledgment of her participation in the criminal offense charged. Such an acknowledgment of guilt is plainly a voluntary waiver of any right against self-incrimination which she might have had and which she exercised in her original plea of not guilty. The Supreme Court of the United States used the words "compulsory self-incrimination." When the defendant stood up in open court, was fully advised of all the other legal rights she was waiving by her plea of guilty, then acknowledged her guilt, admitting the essential elements of the offense charged, she made a knowing, voluntary and intelligent waiver of her right against self-incrimination. All the technicalities of the law have been complied with, down to the dotting of the last "i" and the crossing of the last "t".

I do not now believe there was a need to remand this case to the Superior Court for a determination of whether defendant, Leah L. Lawonn, knew that she waived a privilege against self-incrimination by changing her plea. I think as a matter of law it can be said that there was no compulsory self-incrimination.

For the foregoing reasons, I concur in the affirmance of the judgment of conviction.