**Charlie Lee EVANS, Petitioner-Appellee,**

v.

**Robert RAINES and Robert K. Corbin, Respondents-Appellants.**

No. 82–5373.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 13, 1982.

Decided May 16, 1983.

Barbara Jarrett, Dept. of Law, Phoenix, Ariz., for petitioner-appellee.

Allen G. Minker, Tucson, Ariz., for respondents-appellants.

Before MERRILL and BOOCHEVER, Circuit Judges and SMITH,* District Judge.

RUSSELL E. SMITH, Senior District Judge:

Evans, the appellee here, was charged in two counts with rape and kidnapping for rape, was convicted on both counts, and was sentenced for a term of thirty years to life for rape and thirty years to fifty years for kidnapping for rape. Prior to the trial Evans was examined by psychiatrists, and on the basis of the evidence produced, the state trial judge found that Evans was competent to stand trial. The conviction was affirmed by the Supreme Court of Arizona.[1] A habeas corpus petition was filed in the United States District Court for the District of Arizona for the reason that the record did not disclose that Evans was competent to waive counsel and also did not disclose a knowing and intelligent waiver of counsel. The district court ordered that Evans be released from custody unless proceedings for a new trial be commenced.[2]

On the issue of intelligent waiver, this case is not significantly different from *Hodge v. United States,* 414 F.2d 1040 (9th Cir.1969), in which Judge Merrill, writing for the court en banc, said:

Here appellant clearly knew of his right. His "waiver" lay in his assertion of his right to represent himself—a right the court could not properly deny. 28 U.S.C. § 1654; *Bayless v. United States,* 381 F.2d 67, 71 (9th Cir.1967); *Reynolds v. United States,* 267 F.2d 235 (9th Cir. 1959). The question, then, is whether his assertion of this right was "intelligent." In this context we take this to mean whether he was sufficiently informed of the consequences of his choice. In our judgment he was.

The question before the judge was not whether the defendant was professionally capable of acting as his own lawyer. Few defendants are, and the right of

self-representation is not so conditioned. The question was simply whether the defendant understood the charges against him and was fully aware of the fact that he would be on his own in a complex area where experience and professional training are greatly to be desired.

*Id.* at 1042–43. (Footnotes omitted.)

■ The record does not show that Evans was advised of the penalties which could be imposed for kidnapping and rape. In the absence of some knowledge of Evans' understanding of the seriousness of the charges, it cannot be said that he intelligently waived counsel.

We now examine the issue of competency to waive counsel. In *Westbrook v. Arizona,* 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966), the Supreme Court held that a higher degree of competency was required to waive counsel than to stand trial. Here there was neither a hearing nor a finding on the issue of Evans' competency to waive counsel. The district court in this case found that "there was before the trial judge substantial evidence of petitioner's inability to make a reasoned choice in waiving counsel" and that, under the law of this circuit, a hearing on that issue was required. We agree.

■ We believe that the only substantial question presented here is whether the case should be remanded to the state court for a new trial on the merits or whether the case should be remanded to the state court for determinations of whether the defendant was competent to waive counsel and whether that waiver was intelligently made. We think a limited remand is sufficient.

Evans relies on *Heiden v. United States,* 353 F.2d 53 (9th Cir.1965), in which it was held that the state court erred in failing to make a record disclosing compliance with Fed.R.Crim.P. 11, which read in part: "The court . . . shall not accept the plea without

---

* The Honorable Russell E. Smith, Senior United States District Judge, District of Montana, sitting by designation.

1. *State v. Evans,* 125 Ariz. 401, 610 P.2d 35 (1980).

2. *Evans v. Raines,* 534 F.Supp. 791 (D.Ariz. 1982).

first determining that the plea is made voluntarily with understanding of the nature of the charge."[3] Evans asserts that, under the rule in *Heiden,* the record could not be supplemented by evidence from other sources. Rule 11, however, applies only to the federal government, and only when a guilty plea is taken. In *Heiden* the court, which did not so much as mention the Constitution, was establishing guidelines for compliance with Rule 11. In *Hodge,* 414 F.2d at 1044, n. 4, this court said:

> Here it is entirely proper to look beyond the judge's remarks to ascertain intelligence. See *United States v. Plattner,* 330 F.2d 271, 276 (2d Cir.1965). While in *Heiden v. United States,* 353 F.2d 53 (9th Cir.1965), approved in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), this court held that such might not be done, we were there dealing with acceptance of a guilty plea under the express requirement of Rule 11, F.R.Cr.P.

In *United States v. Kimmel,* 672 F.2d 720, 722 (9th Cir.1982),[4] this court held that a limited remand was proper to "supplement a record that does not show a knowing and intelligent waiver of counsel." The remand itself, at 722–23, was in this language: "We remand this case for the limited purpose of affording the district court the opportunity to supplement the record, using whatever procedure it deems most efficient, on whether Kimmel made a knowing and intelligent waiver. This court retains jurisdiction of the appeal."

As to the competency to waive counsel, the district court concluded that a retrospective competency hearing would be sufficient. *See Chavez v. United States,* 656 F.2d 512 (9th Cir.1981); *Sieling v. Eyman,* 478 F.2d 211 (9th Cir.1973). These cases involve guilty pleas, but we see no reason why the rule should differ where competency to waive counsel is in issue.

This case is remanded to the district court with directions to send the case back to the state court for further hearing. The state court will then, by whatever means it finds most appropriate, determine whether Evans competently and intelligently asserted his right to represent himself. If the state court finds both questions in the affirmative, the writ will be denied; otherwise the writ shall issue unless a new trial is granted. The district court shall retain jurisdiction and shall determine the times within which any act required by this opinion shall be done.

Remanded in accordance with the directions stated above.

MERRILL, Circuit Judge, concurring:

I concur in Judge Smith's opinion but would like to add a comment on Judge Boochever's reference to *Heiden v. United States,* 353 F.2d 53 (9th Cir.1965), in his dissent.

In *Heiden* we made it clear that under Rule 11, we wish the District Court in taking a guilty plea to place the colloquy between court and pleader on the record in order to establish beyond question that the plea was intelligently entered and thereby eliminate all need for later litigation of that question. (For the same reason we might wish the colloquy between court and defendant in the case of a waiver of right to counsel to be placed on the record. As Judge Smith points out, however, in *United States v. Kimmel,* 672 F.2d 720 (9th Cir. 1982), we did not take that route.)

In *Heiden,* however, we did not intimate that the pleader had a constitutional right to such a colloquy and such a record, and I would not wish to see us impose our preference of record on the states as a matter of constitutional right.

*Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is authority for the proposition that under the Constitution a guilty plea and waiver of counsel must be knowing and intelligent, but it does not hold that a criminal defendant has a constitutional right to have his knowledge or

---

**3.** The verbiage of the current Rule 11 has changed.

**4.** The opinion in *Kimmel* was published after the decision of the district court in this case.

intelligence established in any particular way. It does not confine that inquiry to the cold state court record of the proceedings at the time counsel was waived. The *Boykin* Court quoted from *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962), to the effect that "the record must show, *or there must be an allegation and evidence which show,* that an accused was offered counsel but intelligently and understandingly rejected the offer." 395 U.S. at 242, 89 S.Ct. at 1712 (emphasis added).

BOOCHEVER, Circuit Judge, concurring and dissenting in part.

I question the advisability of holding a hearing at this late date on Evans' competency to waive counsel and the voluntariness of such waiver.

Initially a hearing was held on Evans' competence to stand trial. While doctors who examined him on August 2, 1978 concluded he was competent for that purpose, they indicated that he was suffering from a major mental illness diagnosed as paranoid schizophrenia, had psychotic symptoms, hallucinations and delusions. One doctor concluded that he should be in a psychiatric hospital. On January 10, 1979, Evans asked to represent himself. The court apprised Evans of the risks he was taking in representing himself and what his duties would be. The judge, however, did not advise Evans of the maximum punishment for his offenses, nor did the judge hold a hearing on Evans' competence to represent himself.

I believe that the state trial court should, sua sponte, have held a competency hearing to determine whether Evans was competent to waive counsel. That decision was made some four or five months after it had been found that he was competent to stand trial, and a different question was involved. The fact that one is competent to stand trial is no indication of compliance with the much stricter standard for waiver of counsel. *Westbrook v. Arizona,* 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966) (per curiam).

I agree with the district court that the state trial court erred in not holding a hearing on Evans' competency to waive counsel, and that, also, there was no knowing and intelligent waiver of the right to counsel because Evans was not informed of the possible penalties before his waiver was accepted.

Since there is no adequate record to show a voluntary waiver, if this were a federal case I would affirm the district court's ruling that Evans be released from custody unless proceedings for a new trial are commenced. In that context, a remand for a *post facto* determination of whether Evans was competent to waive his right to counsel and whether he did make such a waiver knowingly and voluntarily, would be contrary to our prior decisions. The reasons against such a remand have been cogently stated by Judge Merrill speaking for an en banc court in *Heiden v. United States,* 353 F.2d 53 (9th Cir.1965) (en banc).

*Heiden* involved the requirements imposed by Fed.R.Crim.P. 11 on district courts, but essentially the same standards are constitutionally mandated on state courts by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *Boykin* holds that the record must disclose that the defendant voluntarily and understandingly entered his plea of guilty and indicates that the same standard applies to waiver of the right to counsel. *Id.* at 242, 89 S.Ct. at 1711–1712.

*United States v. Kimmel,* 672 F.2d 720 (9th Cir.1982), does not alter the *Heiden* requirements of an adequate record. In *Kimmel* the court remanded so that the record could be supplemented, with the ultimate decision as to whether there was a knowing and voluntary waiver still to be made by the circuit court based on that record. In fact, the record was not supplemented and the court reversed the convictions and remanded for a new trial. 672 F.2d at 732.

As I have indicated, if this were a federal case I would simply affirm the district court's decision ordering Evans' release unless he is granted a new trial. Since we are reviewing state court action, however, and

not exercising our supervisory function, I believe that we should leave the decision to the state court as to whether a *post facto* hearing is feasible. Without a record of such a hearing it is not possible to determine whether Evans' constitutional rights would be violated. As a matter of comity, this decision should be left to the state court initially despite my belief that holding such a hearing at this late date is inadvisable. I would therefore remand to the state court for the purpose of permitting it to exercise its discretion whether to hold a *post facto* hearing or to order a new trial.