COMMONWEALTH *vs.* HOWARD L. WERTHEIMER. December 13, 1984. *Practice, Criminal,* Competency to stand trial, Defendant pro se. *Constitutional Law,* Assistance of counsel, Waiver of constitutional rights. *Waiver.*

The panel have concluded that the defendant's conviction of entering in the nighttime with intent to commit a felony and putting an occupant in fear (G. L. c. 266, § 17) must be reversed for the reason that the record does not show that the defendant, who has a long history of mental illness, had the capacity to waive, and intelligently and voluntarily waived, his right to the assistance of counsel. In the course of multiple pretrial hearings the record shows that the defendant began by stating that he wished to represent himself, that he was forcefully admonished by a judge that he should accept assigned counsel, that he agreed, and that counsel was appointed. Therefore there was no occasion for the judges who conducted the pretrial hearings to receive evidence and make findings specifically with respect to the defendant's competence to waive counsel. When the defendant indicated at the March 30 hearing that he did not wish to be represented by the particular attorney who had been appointed by the court, but wished instead to retain private counsel (the defendant indicated his financial ability to do so), the judge set a trial date more than a month away and strongly warned the defendant that trial would not be delayed beyond that time whether or not the defendant had succeeded in engaging private counsel.

At the May 3 hearing the defendant had not engaged private counsel, and, rather than accept the representation of assigned counsel, insisted on representing himself. The judge admonished the defendant that that was a foolish choice but that he had an absolute right to represent himself if he should insist. He found the defendant competent to stand trial but made no finding specifically directed to his competence to waive his right to the assistance of counsel. He did not conduct a colloquy to set out on the record the defendant's understanding of the charges against him or the penal consequences to him if he should be found guilty; nor did the judge interrogate the defendant to ascertain his understanding "of the pitfalls in proceeding pro se." *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47, 52 (1974). The trial began May 16, without further colloquy, the defendant representing himself with appointed counsel present on a standby status.

We are constrained to reverse the conviction by the holding in *Westbrook* v. *Arizona,* 384 U.S. 150 (1966) (per curiam). In that case, as here, the defendant had a long history of mental illness but was found on adequate evidence to be competent to stand trial. There, as here, the court did not

conduct a separate "hearing or inquiry into the issue of [the defendant's] competence to waive his constitutional right to the assistance of counsel and proceed, as he did, to conduct his own defense." The Supreme Court reversed the conviction, emphasizing "'the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' *Johnson* v. *Zerbst,* 304 U.S. 458, 465 [1938]." It is not a ground for distinction that, in this case, the finding that the defendant was competent to stand trial was made at a time when the judge was aware that the defendant would insist on representing himself: the same was true in the *Westbrook* case. See *State* v. *Westbrook,* 99 Ariz. 30, 34-37 (1965). We read the *Westbrook* case, as we think we must, to stand for the proposition that the defendant's competence to stand trial and to assist counsel in his defense does not necessarily imply that he is competent to waive his right to the assistance of counsel. *Westbrook* is usually read as holding that the latter standard of competence "is vaguely higher than the standard of competence to stand trial." *United States ex rel. Konigsberg* v. *Vincent,* 526 F.2d 131, 133 (2d Cir. 1975). To the same effect see *Evans* v. *Raines,* 705 F.2d 1479, 1480 (9th Cir. 1983); *State* v. *Hartford,* 130 Ariz. 422, 424 (1981), cert. denied, 456 U.S. 933, reh. denied, 456 U.S. 1001 (1982); *People* v. *Kessler,* 113 Ill. App. 3d 354, 361-362 (1983); *Pickens* v. *State,* 96 Wis. 2d 549, 567-568 (1980). See also *Goode* v. *Wainwright,* 704 F.2d 593, 597-598 (11th Cir.) rev'd on other grounds, 464 U.S. 78 (1983), reh. denied, 465 U.S. 1014 (1984); *Government of the Virgin Islands* v. *Niles,* 295 F. Supp. 266 (D.V.I. 1969); *People* v. *Wolozon,* 138 Cal. App. 3d 456, 461 (1982); *State* v. *Williams,* 228 Kan. 723, 728-729 (1980); *People* v. *Holcomb,* 395 Mich. 326, 335-337 (1975); *State* v. *Bauer,* 310 Minn. 103, 123-124 (1976); *State* v. *Kolocotronis,* 73 Wash. 2d 92, 100-101 (1968); Silten & Tullis, Mental Competency in Criminal Proceedings, 28 Hastings L.J. 1053, 1065-1072 (1977). Contrast the thought-provoking view to the contrary in *People* v. *Reason,* 37 N.Y.2d 351, 353-355 (1975). For the reasons stated in *Pate* v. *Robinson,* 383 U.S. 375, 387 (1966), it is not appropriate to remand for a hearing now as to the defendant's competence to waive counsel in the spring of 1983. See *State* v. *Westbrook,* 101 Ariz. 206 (1966) (per curiam). Compare *Commonwealth* v. *Foster,* 368 Mass. 100, 102-103 (1975); *Ciummei* v. *Commonwealth,* 378 Mass. 504, 506-510 (1979).

While the absence of a finding as to competency to waive counsel is decisive, it must be observed that the record in this case, for want of a colloquy, is also deficient in showing that the defendant's waiver was exercised knowingly and intelligently. As in *Evans* v. *Raines, supra,* "[t]he record does not show that [the defendant] was advised of the penalties which could be imposed [on the indictments]. In the absence of some knowledge of [the defendant's] understanding of the seriousness of the charges, it cannot be said that he intelligently waived counsel." *Id.* at 1480. The general testimony of a psychiatrist that the defendant was aware of the

charges and their possible consequences is a weak substitute for the judge's personal explication to the defendant of the permissible range of sentences, particularly where the record does not show that the psychiatrist himself understood either the elements of the charges or their possible penal consequences. The defendant, having pleaded not guilty, had not received an explanation at that earlier stage; and while he was admonished on at least three occasions that he should be represented by counsel, there was no substantial inquiry into the defendant's understanding that valuable defenses of a technical nature could be lost irretrievably by a failure to raise them in timely fashion at trial. See *Commonwealth* v. *Moran,* 17 Mass. App. Ct. 200, 207-208 (1983), and cases cited; Smith, Criminal Practice and Procedure § 986 (2d ed. 1983). Unlike the defendants in *Commonwealth* v. *Jackson,* 376 Mass. 790, 794-795 (1978), and *Commonwealth* v. *Appleby,* 389 Mass. 359, 366-368 (1983), the present defendant's long history of mental illness makes it hazardous to infer understanding from his general intelligence and prior court involvements.

The defendant was found guilty on two other indictments perhaps not technically before us because they were placed on file, in the words of the clerk, "with the defendant's consent." The defendant did not object to that characterization; but it is obvious that those guilty findings are tainted for the same reason as the conviction here on appeal. They should be vacated if the defendant files a motion for a new trial. In addition, we note (counsel seems to be under a mistaken impression on this point) that, on the indictment for indecent assault and battery on a child under age fourteen, the jury's guilty verdict was as to the lesser included offense of a simple assault and battery. Retrial on that indictment should be limited accordingly.

The judgment on indictment No. 7506 is reversed and the verdict is set aside. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Kenneth J. King* for the defendant.

*Charles K. Stephenson,* Assistant District Attorney, for the Commonwealth.