Charlie Lee **EVANS,**
Petitioner-Appellant,

v.

Robert **RAINES** and Robert K. Corbin,
Respondents-Appellees.

No. 85–1845.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1986.
Decided Sept. 23, 1986.

Carla Ryan, Asst. Public Defender, Donald S. Klein, Tucson, Ariz., for petitioner-appellant.

Barbara Jarrett, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

Before SNEED, SCHROEDER and CANBY, Circuit Judges.

CANBY, Circuit Judge.

Charlie Lee Evans was convicted of rape and kidnapping for rape in the Superior Court of Pima County, Arizona, following a trial in which he represented himself. He was sentenced to concurrent prison terms of thirty years to life for rape and thirty to fifty years for kidnapping for rape. Before trial, Evans was examined by psychiatrists and found competent to stand trial. The experts, however, never evaluated whether Evans had been competent to waive counsel, which arguably requires a higher degree of lucidity and rationality. *See Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977) ("courts indulge in every reasonable presumption against waiver"); *Westbrook v. Arizona*, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966) (per curiam).

Following direct appeals through the Arizona court system, Evans petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contended that the state court record did not disclose whether he had been competent to waive counsel or whether, if competent, he had made a knowing and intelligent waiver of his right to representation. In particular, Evans asserted that he was unaware of the potential life sentence that could result from conviction for the charged crimes.

The district court granted the writ. *Evans v. Raines*, 534 F.Supp. 791 (D.Ariz. 1982). We vacated, holding that the state court should have the opportunity to sup-

plement the record and make findings on these issues. We remanded to the district court with directions that it retain jurisdiction but send the case back to state court for further hearing. *Evans v. Raines,* 705 F.2d 1479, 1481 (9th Cir.1983).

After remand, the state court held an evidentiary hearing on the disputed questions. The state court issued written findings, phrased in terms of the ultimate issues, that Evans had been competent to waive counsel, that he had been aware of the severity of the charges against him and that his waiver of counsel had been knowing and intelligent.

Evans objected to these findings and requested *de novo* review in the district court. The district court, although unsure of the permissible scope of its review, held that the state court's findings were entitled to a presumption of correctness. The district court determined that the findings were supported by the record as a whole and were not clearly erroneous. It accordingly denied the writ, and Evans appealed. We now affirm.

I. *Review of the State Court Findings*

As the district court noted, our mandate in the earlier appeal could have been read to preclude any district court review of the state court findings. *See Evans v. Raines,* 705 F.2d at 1481. The district court was correct in concluding that we had no such intention. The right to federal habeas relief embodied in 28 U.S.C. § 2254 would be severely impaired if the state court's resolution of issues with constitutional implications were conclusive.

Evans argues that the district court, while properly deciding to review the state court's findings, applied an incorrect standard in doing so. He contends that, because the state court's findings were very general and addressed the ultimate issues of competence and intelligent waiver, they

should be reviewed *de novo* as conclusions of law. We disagree.

■ A state court's factual findings that are fairly supported by the record are entitled to a presumption of correctness. 28 U.S.C. § 2254(d). The Supreme Court has emphasized the limited scope of our review of factual issues once determined by the state courts. *See, e.g., Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). At the same time, the Court has made clear that no presumption of correctness attaches to a state court's legal conclusions, even though the underlying factual findings are presumed correct. *Id.* at 543–44, 101 S.Ct. at 767; *Moore v. Wyrick,* 766 F.2d 1253, 1255 (8th Cir.1985).

Here we are faced with mixed questions of fact and law.[1] The line between freely reviewable legal conclusions and presumptively correct factual findings is an elusive one. The Supreme Court, however, has recently provided guidance on this problem. *See Miller v. Fenton,* —— U.S. ——, 106 S.Ct. 445, 451–52, 88 L.Ed.2d 405 (1985) (holding voluntariness of a confession freely reviewable in habeas proceedings).

■ The mere fact that a finding determines an ultimate issue of mental capacity does not turn it into a conclusion of law. Moreover, an issue "does not lose its factual character merely because its resolution is dispositive of the ultimate constitutional question." *Id.* 106 S.Ct. at 451. Instead, the fact-law distinction often turns on "a determination that, as a matter of sound administration of justice, one judicial actor is better positioned than another to decide the issue in question." *Id.* at 452. When an issue involves credibility of witnesses and an evaluation of demeanor, there are "compelling and familiar justifications for leaving the process of applying law to fact to the trial court and according its determination presumptive weight." *Id.*

---

1. We accept, for purposes of decision, Evans' statement of the legal standard for competency to waive counsel: the accused must understand the nature and consequences of the waiver, possess the ability to participate intelligently in the proceedings and be able to make a reasoned choice among the alternatives presented. This standard is similar to our standard for competency to enter a plea. *See Chavez v. United States,* 656 F.2d 512, 515 (9th Cir.1981).

## A. *The Competency Finding*

■ Applying these principles to the case at bar, we conclude that the district court used the proper standard in its review of the state court findings. State court determinations of competency to stand trial are entitled to a presumption of correctness in a federal habeas proceeding. *See Maggio v. Fulford,* 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983) (per curiam).[2] Competency determinations necessarily involve assessments of credibility and demeanor. *Fenton,* 106 S.Ct. at 453. Further, competency may itself be examined in open court on a full record. Competency is, therefore, the sort of determination that should be accorded deference despite the fact that it may be a mixed question of fact and law. *Id.* (contrasting competency determinations with voluntariness of confessions).

Although competency to stand trial and to waive counsel are different determinations, the rationale of *Maggio* and *Fenton* applies equally well to both. We therefore conclude that the state court's determination of competency was entitled to a presumption of correctness in this federal habeas proceeding.[3]

Evans asserts that, in any event, the state court was wrong; he was not competent to waive counsel. The state court on remand conducted a full hearing into this issue, albeit with limitations inherent in attempting to recreate a factual record on such an issue five years after the event. Despite the conclusionary nature of its written findings, the state court necessarily determined that, at the time Evans waived his right to counsel, he was sufficiently lucid and rational to make a knowing and intelligent waiver. There was conflicting testimony on this issue, but the state court resolved the conflicts in the state's favor. Its resolution is "fairly supported by the record." 28 U.S.C. § 2254(d).

## B. *The Knowledge Finding*

■ We likewise defer to the state court's determination that Evans was aware of the severity of his crimes and of the possible sentences that could be imposed. Again, this finding derived from the state court's evidentiary hearing in which there was conflicting testimony. No evidence contravened the testimony that Evans knew he was facing "heavy time" of at least twenty years without possibility of parole. Two lawyers who represented Evans before he waived counsel testified that, while they could not specifically recall advising him of the maximum penalty, it was their regular practice to do so.[4] On this record, the state court could have found

---

2. Evans argues that *Maggio* should not be read so broadly. The Supreme Court, however, has characterized *Maggio* as holding that state court determinations on competency to stand trial are entitled to a Section 2254(d) presumption of correctness. *See Fenton,* 106 S.Ct. at 451.

3. We are aware of the decision in *Price v. Wainwright,* 759 F.2d 1549 (11th Cir.1985). There, in reviewing a state court finding of competency to stand trial, the Eleventh Circuit held that only the state court's findings of historical facts are entitled to a presumption of correctness. The federal court must still "make an independent review of the record to determine whether the historical facts ... support its ultimate finding of competency." *Id.* at 1552. We conclude, however, that the Supreme Court's subsequent decision in *Fenton* permits our conclusion that the factual decision of the state court, which we review as such, disposes entirely of the competency issue.

4. Evans argues that his lawyers' testimony about their conversations was privileged and should not have been admitted. We disagree. Because the attorney-client relationship is created and controlled by state law, the nature and extent of the attorney-client privilege is defined by state law. *Heathman v. United States Dist. Ct.,* 503 F.2d 1032, 1034 (9th Cir.1974); *Baird v. Koerner,* 279 F.2d 623, 632 (9th Cir.1960). Under *State v. Lawonn,* 113 Ariz. 113, 114, 547 P.2d 467, 468 (1976), the privilege does not cover his attorneys' testimony in this case. By claiming that he had inadequate information to waive counsel, Evans put in issue just what advice he had received from his former counsel. Thus, he is precluded from asserting the attorney-client privilege as a "procedural trap play that would block the development of the plain truth...." *Id.* (quoting *United States v. Woodall,* 438 F.2d 1317, 1326 (5th Cir.1970) (en banc), *cert. denied,* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971)).

that Evans knew he faced a possible life sentence.

## II. *Violation of Due Process*

 Evans also argues that he was denied due process by a competency hearing held five years *post facto.* This issue was resolved against Evans when a majority of this court on his prior appeal determined that a retrospective competency hearing would be sufficient. *See Evans v. Raines,* 705 F.2d at 1481. Evans has pointed to nothing in the record of the state court's retrospective hearing to cause us to depart from our previous ruling or to conclude that due process was violated.

We find nothing in the record of the state court's retrospective hearing to cause us to depart from our previous ruling or to conclude that due process was violated. Of course it would have been preferable to hold a competency hearing at the time counsel was waived, and it remains the duty of a trial court to do so when it entertains or should entertain a good faith doubt as to the competency of a defendant who is waiving counsel. *See Chavez v. United States,* 656 F.2d 512, 515 (9th Cir. 1981). When the state court fails in this duty, it often may be impossible to repair the damage retrospectively. Here, however, the state court, which had originally determined Evans' competency to stand trial by a full and timely hearing, could adduce sufficient evidence five years later to determine the additional issues of competency to waive counsel and of knowing and intelligent waiver. Further, the record of the state court's retrospective hearing indicates that its substance and procedure met the standards of due process.

## CONCLUSION

The state court findings that Evans was competent to waive counsel and did so with sufficient information to make a knowing and intelligent waiver are not clearly wrong and are fairly supported by the record. Evans is therefore not entitled to his requested writ of habeas corpus. The decision of the district court is AFFIRMED.