Jonathan Hugh BANTA, Petitioner,

v.

John IGNACIO, Warden, Nevada State Prison; and Frankie Sue Del Papa, Nevada State Attorney General, Respondents.

No. CV–N–98–328–ECR (PHA).

United States District Court,
D. Nevada.

Nov. 3, 1998.

## ORDER

EDWARD C. REED, Jr., District Judge.

The Court now considers Petitioner Jonathan Hugh Banta's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254(# 1), filed June 11, 1998. Respondents have answered and have moved to dismiss (# 10). Petitioner has replied (# 12) and respondents have filed a supplemental reply (# 14). For the reasons outlined below, the Petition for Writ of Habeas Corpus is DENIED.

### BACKGROUND

On November 6, 1997, Petitioner plead guilty to the charge of driving while having a .10 percent blood alcohol level. At the plea hearing, State District Court Judge Deborah Agosti conducted a thorough plea colloquy. Tr. Mtn. to Confirm, 3:11–9:14. Before sentencing, however, Petitioner filed a motion to withdraw his plea of guilty; petitioner argued that he had not had the capacity to enter a guilty plea knowingly and voluntarily on that date because he had been under the influence of prescription medication.

After an evidentiary hearing, at which Petitioner presented testimony from several witnesses, the District Court determined that Petitioner had entered his plea intelligently, knowingly and voluntarily. Tr. Mtn. Withdraw Plea 66:9–12. The District Court therefore denied the motion. Tr. Mtn. Withdraw Plea 66:12. Petitioner was convicted and sentenced to a term of twelve to thirty months in the Nevada Department of Prisons and fined $2000.00. While Petitioner is not presently in custody, Respondents do not contest that Petitioner presently has "constructive custody" status for the purposes of Section 2254. Ans. at 1, n1.[1]

Petitioner appealed the trial court's denial of his motion to withdraw guilty plea to the Nevada Supreme Court. The Nevada Supreme Court dismissed his appeal on the merits. Order Dismissing Appeal filed June 3, 1998.

Arnold Brock, Jr., Reno, NV, for Petitioner.

David K. Neidert, Deputy Attorney General, Criminal Justice Division, Carson City, NV, for Respondents.

---

1. Respondents have pointed out that since Petitioner has not yet been processed, Department of Prisons Director Robert Bayer, not Warden John Ignacio, should have been named as the proper respondent in this action. This matter does not affect our disposition of the case and we therefore decline to address it further.

Petitioner asserts that his state court conviction violates due process under the Fourteenth Amendment. This assertion rests on the claim that when petitioner entered the plea of guilty, he "was not of clear mind" and "did not have the requisite capacity to knowingly or voluntarily enter such a plea." Pet. at 3. Petitioner alleges that due to his "semiconscious, confused and hazy state of mind," he was unable to focus on the judicial process or assist his attorney at the plea hearing. *Id.* Petitioner rests his claim of "diminished capacity" upon an adverse reaction to two prescription drugs, Wellbutrin and Xanax. *Id.*

In reply, Respondents make two arguments: first, that petitioner has failed to exhaust state remedies; and second, that the state trial court correctly found that Petitioner had been competent at the time of plea and entered a valid guilty plea.

## DISCUSSION

### I. Exhaustion

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 must first exhaust state remedies or demonstrate that no effective state remedies exist. 28 U.S.C. § 2254(b)(1). The claim presented in the federal petition must have been "fairly presented" to the highest state court available. *Picard v. Connor,* 404 U.S. 270, 277–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ Unless state law mandates a particular avenue of review, a petitioner may present a claim either on direct appeal or in state collateral proceedings. *Turner v. Compoy,* 827 F.2d 526, 528–30 (9th Cir.1987). A claim must be fairly presented to the state's highest court only once; a petitioner need not repeatedly exhaust every possible avenue of state relief. *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

■ To fairly present a claim in state court, the petitioner must put the state court on notice that his claim involves federal Constitutional law.

If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that a[ ] ruling at a state court [proceeding] denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. *Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).

Identification of operative facts and advancement of a legal theory that approximates the federal claim will not satisfy the exhaustion requirement if petitioner fails to apprise the state court of the federal nature of his claim. "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.1996).

■ Petitioner did not present his case to the Nevada Supreme Court as a federal claim. While Petitioner did refer to the right to jury trial guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution, he made this reference in the context of an argument that the state district court erred as a matter of state law. Petitioner never claimed that the denial of his motion to withdraw his plea of guilty denied him due process as guaranteed by the Fourteenth Amendment. In fact, Petitioner never made reference to due process. Therefore, Petitioner failed to exhaust state remedies.

### II. Merits

Under 28 U.S.C. § 2254(b)(2), a District Court has the authority to deny a petition for writ of habeas corpus on the merits even though a petitioner has failed to exhaust state remedies. 28 U.S.C. § 2254(b)(2). We therefore turn to consideration of the merits of petitioner's claim.

Because petitioner's arrest, entry of plea, and filing of an application for writ of habeas corpus all occurred after April 24, 1996, the amendments to 28 U.S.C. § 2254 added by the Antiterrorism and Effective Death Penal-

ty Act ("AEDPA") apply to this case. Section 2254(d) of Title 28 now provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

The new law imposes a more stringent standard for issuance of the writ. No writ may issue unless the state court made an unreasonable determination of fact, or the decision of the state court contravenes clearly established federal law as announced by the Supreme Court.

■■ Thus, a federal court may not overturn a state court decision on the ground that it conflicts with Circuit-based precedent. For a writ to issue on the basis of an error of law, the state court decision must be in conflict with an authoritative decision of the Supreme Court. *Moore v. Calderon,* 108 F.3d 261, 264–65 (9th Cir.1997). When considering a petition pursuant to 28 U.S.C. § 2254, federal courts review state court conclusions of law de novo. *Jeffries v. Wood,* 114 F.3d 1484, 1500 (9th Cir.1997). See also *Canales v. Roe,* 151 F.3d 1226, 1228 (9th Cir.1998)(issue of what constitutes "clearly established Federal law, as determined by the Supreme Court" presents question of law, which receives de novo review).

The newly enacted Section 2254(d)(2) provides that a federal court may grant a petition for writ of habeas corpus if the state court·decision in question rests upon an unreasonable determination of the facts in light

of the evidence presented. 28 U.S.C. § 2254(d)(2). A state court factual determination is unreasonable if it is "so clearly incorrect that it would not be debatable among reasonable jurists." *Jeffries,* 114 F.3d at 1500 (citing *Drinkard v. Johnson,* 97 F.3d 751, 769 (5th Cir.1996)). In its review of state court findings of fact, a federal court should take account of the degree of attention the state court gave the subject. "[A] responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment." *Id.*

State court factual determinations must be presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1).[2] New Section 2254(e) replaces former Section 2254(d), which required federal courts to defer to state court findings of fact as presumptively correct unless one of eight enumerated exceptions applied. 28 U.S.C. § 2254(d)(1994)(amended 1996). The new provision removes the eight exceptions and instead requires petitioner to rebut the presumption of correctness by clear and convincing evidence:

In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Hence, Petitioner must meet a high standard to prevail in challenging a state trial court's factual determination.

## A. Competence to Plead Guilty

Under Section 2254(e), federal courts must accord state court findings of fact the same presumption of correctness that former Section 2254(d) imposed absent one of the eight enumerated statutory exceptions. Since the new rule incorporates the same presumption of correctness, it will be appropriate to apply the Supreme Court's former Section 2254(d) jurisprudence in deciding whether a particu-

---

2. The presumption of correctness accorded to state court factual determinations applies to "questions of historical fact" and inferences properly drawn from historical facts. *Marshall*

*v. Lonberger,* 459 U.S. 422, 431–32, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983)(interpreting former Section 2254(d)).

lar issue falls under the presumption of Section 2254(e).

Although a state court's determination of a defendant's competency may be seen as a mixed question of law and fact, the Supreme Court has held that the former Section 2254(d) presumption of correctness applies to such determinations. *Demosthenes v. Baal,* 495 U.S. 731, 735, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990)(competency to waive appellate rights); *Maggio v. Fulford,* 462 U.S. 111, 117, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983)(competency to stand trial). This conclusion rests on the fact that resolution of the competency issue necessarily depends upon the trial court's assessment of witness credibility and demeanor. Because the reviewing court does not have the same opportunity to observe those testifying, the conclusions of the trial court should be given deference under Section 2254(d). "[Where an] issue involves the credibility of witnesses and therefore turns largely on an evaluation of demeanor, there are compelling and familiar justifications for leaving the process of applying law to fact to the trial court." *Miller v. Fenton,* 474 U.S. 104, 114, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985).

The Ninth Circuit has concluded that a state court's determination of competency to waive counsel also falls within the presumption of correctness required by former 28 U.S.C. § 2254(d). *Evans v. Raines,* 800 F.2d 884, 886 (9th Cir.1986). In addition, while it did not refer to former Section 2254(d), the Ninth Circuit has ruled on the specific issue of the level of deference due a state court's decision on a defendant's competence to plead guilty. In the state court proceedings at issue in *Brewer v. Lewis,* 989 F.2d 1021 (9th Cir.1993), the Arizona state court had made two separate determinations of competence; first, that defendant was competent to plead guilty, and second, that defendant was competent to waive appellate rights. The Court of Appeals held a state court's determinations with respect to a defendant's competence entitled to a presumption of correctness (citing *Baal* and *Maggio* ). *Id.* at 1027.

In this case, the state trial court determined that Petitioner had the requisite level of competence to enter a guilty plea on No-vember 6, 1997. We hold the state court's competency determination presumptively correct. *28 U.S.C. § 2254(e); Maggio,* 462 U.S. at 117, 103 S.Ct. 2261 (applying former Section 2254(d)). Petitioner has the burden of showing, by clear and convincing evidence, that this presumption should not apply.

 We find that Petitioner has not met his burden. The decision of the state court appears eminently reasonable in light of the evidence presented at both the plea hearing and the evidentiary hearing on Petitioner's motion to withdraw plea. The state court had the opportunity to observe Petitioner's demeanor and evaluate Petitioner's credibility at both hearings. Petitioner's witness, Dr. Rubin, had evaluated Petitioner more than two months after the original plea hearing. Dr. Rubin had no personal knowledge of Petitioner's condition on November 6, 1997.

Dr. Rubin also testified that in his opinion, Petitioner was competent on January 10, 1998. The most Dr. Rubin could say was that in his opinion, Petitioner had experienced a "capacity compromise" on November 6, 1997. Dr. Rubin based his opinion upon Petitioner's yes or no answers in the transcript of the plea canvass, and the fact that Plaintiff had been on prescription medication at the time. This testimony does not rise to the level required to show that the state court's findings should be disturbed.

### B. "Voluntary and Knowing" Guilty Plea

 A determination of competence does not complete the trial court's inquiry. To be valid, a guilty plea must be knowing, voluntary and intelligent. *Brady v. United States,* 397 U.S. 742, 758, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

> A finding that a defendant is competent to stand trial [ ] is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary. *Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

The question involved in the 'knowing and voluntary' analysis differs from that presented in a competency determination.

> [W]hereas competency involves the defendant's general ability to understand the proceedings against him, "[t]he purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision." *United States v. Christensen,* 18 F.3d 822, 826 (9th Cir.1994)(citing *Godinez* ).

The voluntariness of a guilty plea presents a question of law. *Marshall v. Lonberger,* 459 U.S. 422, 431–32, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). However, state court determinations of underlying questions of fact constitute matters which should receive deference under Section 2254:

> [A]lthough "the governing standard as to whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law," questions of historical fact, including inferences properly drawn from such facts, are in this context entitled to the presumption of correctness accorded state court factual findings under 28 U.S.C. 2254(d). *Parke v. Raley,* 506 U.S. 20, 35, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).

To be voluntary, a guilty must not be coerced. *Brady,* 397 U.S. at 748, 90 S.Ct. 1463. Moreover, a plea may be involuntary because the defendant does not understand the nature of the constitutional protections he waives, *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), or because the defendant does not understand the charge against him, *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941). The issue of whether the defendant understood the consequences of pleading guilty falls within the scope of factual findings entitled to deference. *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986).

Whether a defendant entered a guilty plea "knowingly" presents a question of fact. *U.S. v. Read,* 778 F.2d 1437, 1440 (9th Cir.1985). Therefore, the state court's findings on this issue should be presumed correct unless Petitioner demonstrates by clear and convincing evidence that this should not be the case.

Again, Petitioner has not met the burden of showing that the presumption of correctness we must accord to state court findings of fact under 28 U.S.C. § 2254(e) should not apply. At the plea hearing, the state court explained the charge, Tr. Mtn. to Confirm 7:23–8:13, and the possible penalties, Tr. Mtn. to Confirm 6:6–14, 20–22. The court also explained the constitutional rights involved in entering a guilty plea. Tr. Mtn. to Confirm 3:18–4:18. Petitioner expressed that he understood these matters and voluntarily sought to enter a plea of guilty. Tr. Mtn. to Confirm 7:21–22. The state court reasonably could have found from consideration of the evidence presented at both the plea hearing and the hearing on the motion to withdraw his guilty plea that Banta had understood the charge against him and possible penalties as well as the consequences of pleading guilty, and therefore entered his plea knowingly and voluntarily.

The state court did not base its decision on conclusions of law which contradict or misapply federal constitutional law as announced by the United States Supreme Court. The state court based its decision to deny Petitioner's motion upon a conclusion that Petitioner's plea had been in no way unintelligent, involuntary or unknowing. The court correctly applied the federal standard for validity of a guilty plea as articulated by the Supreme Court in *Brady,* supra.

Moreover, after a careful review of the record, we find the state court's factual determinations reasonable in light of the evidence. Thus, no basis exists for this court to issue a writ of habeas corpus under 28 U.S.C. § 2254.

*IT IS, THEREFORE, HEREBY ORDERED* that Petitioner Jonathan Hugh Banta's Petition for Writ of Habeas Corpus (# 1) is *DENIED.* The Clerk shall enter judgment accordingly.